**David Kenneth BROCK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41075.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

Charles Scarbrough, Abilene, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for unlawfully carrying a switchblade knife; the punishment, a fine of $250.

The prosecution is under Art. 483, P.C., which provides in part as follows:

"Any person who shall carry on or about his person, saddle or in his saddlebags, or in his portfolio or purse any * * * switch blade knife * * * shall be punished by a fine of not less than One Hundred Dollars ($100) nor more than Five Hundred Dollars ($500) or by confinement in jail for not less than one (1) month nor more than one (1) year."

The information, omitting its formal parts, charged that:

" * * * on or about the 18th day of September—1967, and anterior to the filing of this information, in said County of Taylor and State of Texas, one David Kennith [sic] Brock did then and there unlawfully carry about his person a prohibited weapon, to-wit: a switch blade knife * * *."

Six grounds of error are urged by appellant in the appeal.

He first insists that the portion of Art. 483, supra, relative to switchblade knives is so vague and uncertain as to render it unconstitutional, under the Fourteenth Amendment to the United States Constitution. It is appellant's contention that, because there is no definition in the statute of a switchblade knife and such term is so vague and uncertain, the statute is inoperative under the Constitution.

In support of his contention appellant cites, among other cases, Spigener v. State, 166 Tex.Cr.R. 466, 314 S.W.2d 832, in which this court held that portion of the statute making it unlawful to carry a "hand chain"

of such doubtful construction as to be inoperative under the Fourteenth Amendment to the United States Constitution and Art. 1, Sec. 19, of our State Constitution, Vernon's Ann.St.

In Spigener v. State, supra, we pointed out that the term "hand chain" was not well recognized and was not defined in dictionaries and held that portion of the statute making it unlawful to carry a "hand chain" inoperative under the due process clauses of our State and Federal Constitutions.

This is not so as to the term "switchblade knife," which is well recognized and is defined in dictionaries, including Webster's Seventh New Collegiate Dictionary.

In the instant case, Officer McCay testified that the knife which appellant had on his person was a switchblade knife, which he described as a knife that "has a spring under the blade, which will throw the blade out, when the switch is pushed on it." He stated that while the knife could be called a "springblade knife," it was known to him as a switchblade knife.

We find the term "switchblade knife" so commonly understood that the statute is not inoperative for uncertainty.

Appellant next insists that the information in the case was void and should have been quashed because it "failed to state a crime under Art. 483 of the Penal Code of Texas."

No exception or motion to quash the information was filed by appellant. It is, however, his contention that since the information charged him with unlawfully carrying "a prohibited weapon" and that term is not used in the statute, Art. 483, no offense is charged thereunder.

While the term "prohibited weapon" is not used in Art. 483, supra, the information did charge the carrying of a switchblade knife, which is an offense denounced by the statute. The contention is overruled, as well as appellant's third contention that there was a variance between the pleading and the proof because the state failed to prove that he carried a prohibited weapon.

The very terms of the statute making it unlawful to carry a switchblade knife and proof of such fact would constitute proof that the person was carrying a prohibited weapon.

Appellant's fourth and fifth grounds of error complain of the court's charge.

No objections were made or charges requested by appellant in writing, as required by Arts. 36.14 and 36.15 of the Vernon's Ann.Code of Criminal Procedure. Such complaints are therefore not properly before the court for review. Smith v. State, Tex.Cr.App., 415 S.W.2d 206.

Appellant's sixth ground of error is that the court erred in failing to grant his motion for continuance.

The motion was not sworn to by appellant, as required by Art. 29.08, C.C.P., nor, among other defects, did the motion state facts which were expected to be proved by the witness, as required by Art. 29.06, C.C.P. In overruling the motion, the court did not err. Moats v. State, Tex. Cr.App., 402 S.W.2d 921; Square v. State, 145 Tex.Cr.R. 219, 167 S.W.2d 192. The ground of error is overruled.

The judgment is affirmed.