4

Florence SCHUMAN et al *v.* Virginia MARTIN et al

75-194                                    531 S.W. 2d 26

Opinion delivered December 22, 1975

*Frank H. Cox,* for appellants.

*Troy R. Douglas* and *Hardin, Jesson & Dowson,* for appellees.

GEORGE ROSE SMITH, Justice. The appellees, claiming ownership by inheritance from their mother, brought this suit to quiet their title to two city lots in Forth Smith and to cancel a State tax deed issued to the appellants in 1949. The defendants did not rely upon their tax deed as being valid, but they did assert title as a result of having paid the taxes for more than seven successive years. After a trial the chancellor

entered a decree granting the relief sought by the plaintiffs, subject to their reimbursing the defendants for the amount of their tax payments, with interest. For reversal the appellants rely, as they did below, upon the superiority of their title.

That the appellees originally acquired title by adverse possession is shown by the weight of the evidence. Their mother bought the property in 1945 or 1946 and occupied a small house upon it until her death in 1947. Possession was continued either by some of the plaintiffs themselves or by tenants until the house burned in 1955. Hence there was continuous possession for more than seven years, which of course ripened into title.

The appellants, however, paid the taxes annually from 1949 to 1972, with the exception of the year 1964, when the appellees paid them. It is now insisted that, after the house burned, the appellants acquired title by the payment of taxes, under color of title, upon unimproved and unenclosed land for seven successive years. Ark. Stat. Ann. § 37-102 (Repl. 1962).

The appellants are mistaken in their understanding of what constitutes "unimproved and unenclosed" land. Those words are used in Section 37-102, which requires payment of taxes for seven years under color of title. The companion statute, Section 37-103, requires payment of taxes for fifteen years without color of title and refers to "wild and unimproved" land. We have repeatedly held that the two statutes refer to the same conditions, "unimproved and unenclosed" being used interchangeably with "wild and unimproved." See the discussion in *Schmeltzer* v. *Scheid*, 203 Ark. 274, 157 S.W. 2d 193 (1941). It is also settled that lands which have been improved cannot be said to be "wild and unimproved" until they have been allowed to revert to the wild state that existed before the improvements were made. *Weston* v. *Hilliard*, 232 Ark. 535, 338 S.W. 2d 926 (1960); *Moore* v. *Morris*, 118 Ark. 516, 177 S.W. 6 (1915).

Here the two city lots in question did not revert to their original wild state. After the house burned the appellees paid someone to level off the lots. Thereafter a relative who lived

next door to the property looked after it, keeping the grass mowed. There is no proof that the property was allowed to return to its natural state. Consequently the appellants cannot prevail upon the theory that they were paying taxes upon unimproved and unenclosed land, as that phrase has been interpreted through the years.

Affirmed.