Jimmy Lee POWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 51427.

Court of Criminal Appeals of Texas.

July 14, 1976.

Steven F. Gamble, Longview, for appellant.

Odis R. Hill, Dist. Atty. and Alvin G. Khoury, Asst. Dist. Atty., Longview, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GUPTON, Judge.

The offense is unlawful possession of a firearm by a felon under V.T.C.A., Penal Code, Sec. 46.05;[1] the punishment, four years.

---

1. Sec. 46.05 provides in part:
   "A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives."

This appeal was formerly dismissed in a per curiam opinion delivered April 20, 1976, because sentence was improperly pronounced. See Art. 42.03, V.A.C.C.P. A supplemental transcript reflects appellant has been resentenced and the appeal is reinstated.

The record reflects the appellant was in possession of a handgun at the home of his cousin on March 29, 1975, and that appellant had been convicted in 1963 of burglary of a motor vehicle.

Appellant alleges the conviction is invalid because the indictment does not allege and the proof does not establish the felony for which appellant was previously convicted involved an act of violence or threatened violence to a person or property as required by Sec. 46.05, supra.

Appellant relies on *Mendoza v. State*, Tex.Cr.App., 460 S.W.2d 145, and *Waffer v. State*, Tex.Cr.App., 460 S.W.2d 147, which involved convictions for possessing a firearm in violation of Art. 489c, V.A.P.C. The judgments therein were reversed because of the absence of allegation and proof that the burglary offense for which each appellant had previously been convicted was a felony involving an act of violence.

■ The cause sub judice is distinguishable from *Mendoza* and *Waffer*, supra. The indictment alleges appellant was previously convicted "of a felony offense involving violence to property, to-wit, the felony offense of Burglary Of A Motor Vehicle." The indictment, judgment and sentence of that case were admitted into evidence. The indictment alleges forcible entry in an automobile. The assistant district attorney who represented the State during the trial of that cause testified as follows:

"Q All right. Let's go into the facts of the crime charged against the Defendant, Jimmy Lee Powell, back in 1963. Did that involve actual violence to property? A Yes, it involved forceful entry."

This ground of error is overruled.

Appellant's other ground of error alleges Sec. 46.05, supra, "is unconstitutionally vague in the description of what constitutes a felony involving an act of violence or threatened violence to a person or property."

■ Appellant contends it is unclear what felonies come within the meaning of a felony involving an act of violence or threatened violence. Appellant concedes robbery would be included in this category under *Mena v. State*, Tex.Cr.App., 504 S.W.2d 410, but argues burglary could be committed without an act of violence. Appellant proposes the statute be held unconstitutional or in the alternative appellant asks this Court to enumerate which felonies come within the purview of this statute. We find the statute is not so vague or indefinite as to violate due process of law. Whether a felony offense is within the scope of this statute must depend on the facts and circumstances of each case.

In *McGuire v. State*, 531 S.W.2d 26 (1976), this Court held Sec. 46.05, supra, was constitutional notwithstanding Art. I, Sec. 23, of the Texas Constitution. We also held that the authorities discussed in *Webb v. State*, Tex.Cr.App., 439 S.W.2d 342, cert. den. 396 U.S. 968, 90 S.Ct. 450, 24 L.Ed.2d 434, which passed on the constitutionality of Art. 489c, V.A.P.C., the prior statute, are applicable to Sec. 46.05, supra. As discussed in Footnote 1 of *McGuire, supra*, the earlier statute was not held constitutional in light of the attack here presented. The rule has long been:

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application lacks the first essential of due process of law."

*Ex parte Chernosky*, 153 Tex.Cr.R. 52, 217 S.W.2d 673, 674. See also *Baker v. State*, Tex.Cr.App., 478 S.W.2d 445; *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926).

A statute is not rendered unconstitutionally vague merely because the words or terms are not specially defined. Under Art. 8, V.A.P.C. (1925), such words were to be "taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

V.T.C.A., Penal Code, Sec. 1.05(a) provides:

"The rule that a penal statute is to be strictly construed does not apply to this code. The provisions of this code shall be construed according to the fair import of their terms, to promote justice and effect the objectives of the code."

Words defined in dictionaries and with meanings so well known as to be understood by a person of ordinary intelligence have been held not to be vague and indefinite. In *Ramirez v. State*, Tex.Cr.App., 518 S.W.2d 546, this Court held the phrase "bodily injury" as used in V.T.C.A., Penal Code, Sec. 22.02(a)(2), and as defined in Sec. 1.07(a)(7) is not vague and indefinite.

In *McMorris v. State*, Tex.Cr.App., 516 S.W.2d 927, we held Art. 341(b), V.A.P.C., the prior resisting arrest statute gave a person of ordinary intelligence fair notice that his contemplated conduct was forbidden.

In *Stein v. State*, Tex.Cr.App., 515 S.W.2d 104, we held the phrase "signal to stop" as it appears in Art. 6701d, Sec. 186, V.A.C.S., has a meaning well understood by automobile drivers.

Other words held to have a commonly understood meaning include "edible meat", *Sanford v. State*, Tex.Cr.App., 492 S.W.2d 581; "solicit", *Page v. State*, Tex.Cr.App., 492 S.W.2d 573; "nightstick", *Spigener v. State*, 166 Tex.Cr.R. 466, 314 S.W.2d 832. *Cf. Baker*, supra, in which the phrases "have no visible means of support" and "no property to support" were found to be vague and indefinite, and *Guzman v. State*, Tex.Cr.App., 456 S.W.2d 133, which held the term "hand chain" does not have a commonly understood meaning.

We find that the words "an act of violence or threatened violence to a person or property" as used in Sec. 46.05, supra, have a meaning which may be understood by a person of ordinary intelligence and give fair notice of the felony offenses which may subject a felon to prosecution under this statute. Appellant's contention that Sec. 46.05, supra, is unconstitutionally vague is overruled.

We have reviewed the contentions in the pro se brief and find them to be without merit.

The judgment is affirmed.