TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00370-CR






Martin Dominick DiCarlo, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 96-494-K368, HONORABLE BURT CARNES, JUDGE PRESIDING






 Appellant was convicted of unlawful possession of a firearm by a felon in a trial
before the court. See Tex. Penal Code Ann. § 46.04(a)(1) (West 1994). His status as a felon was
based on his prior conviction for burglary of a habitation. Appellant pled true to three
enhancement paragraphs alleging other felony convictions. He was sentenced to life imprisonment
in the Institutional Division of the Texas Department of Criminal Justice. See Tex. Penal Code
Ann. § 12.42(d) (West Supp. 1998).

 Appellant's first point of error is that the evidence is insufficient to prove that he
knew he was in possession of the firearm. In his second point, he contends that he was prosecuted
under the wrong statute. He argues that even though this offense occurred August 3, 1996, the
applicable statute was the law as it existed before it was amended effective September 1, 1994,
because his felony conviction for burglary was an essential element of the offense and it occurred 
in 1993, before the effective date of the amendment. We will affirm the judgment of conviction.


Legal Sufficiency of the Evidence

 In his first point of error, appellant contends the evidence was insufficient to prove
that he intentionally or knowingly possessed a firearm. In reviewing the legal sufficiency of the
evidence supporting a conviction, the relevant question is whether, after reviewing the evidence
in the light most favorable to the verdict, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19
(1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex. Crim. App. 1991); Griffin v. State, 614
S.W.2d 155, 159 (Tex. Crim. App. 1981).

 The indictment under which appellant was convicted provides in pertinent part that 
"On or about the 3rd day of August, A.D. 1996, in the County of Williamson and State of Texas,
[appellant], a person who had been convicted of the felony offense of burglary of a habitation,
intentionally or knowingly possessed a firearm . . . ." Appellant only disputes the sufficiency of
evidence to prove the culpable mental element of the offense, contending that he did not know that
the gun was in his van.

 It is a general principle of criminal responsibility that a person commits an offense 
only if he voluntarily engages in conduct, including an act, an omission, or possession. Tex. Penal
Code Ann. § 6.01(a) (West 1994). "Possession is a voluntary act if the possessor knowingly
obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time
to permit him to terminate his control." Id. at § 6.01(b). In addition to these requirements, the
Penal Code also contains this definition: "'Possession' means actual care, custody, control, or
management." Tex. Penal Code Ann. §1.07(39) (West 1994).

 The statute making possession of a firearm by a felon a crime does not expressly
state a culpable mental state, but there is no dispute that one is required. With few exceptions,
the Penal Code requires proof of a culpable mental state in all offenses. If the definition of the
offense does not contain a culpable mental state, as section 46.04 does not, one is statutorily
implied. See Tex. Penal Code Ann. § 6.02(a), (b) (West 1994). In Hazel v. State, 534 S.W.2d
698, 700 (Tex. Crim. App. 1976), the court said that the culpable mental element in the possession
of a firearm by a felon offense could be intent, knowledge, or recklessness. The indictment in this
case alleged appellant possessed the firearm "intentionally or knowingly." The Penal Code
defines these terms in pertinent part as follows:


(a) A person acts intentionally, or with intent, with respect to the nature of his
conduct . . . when it is his conscious objective or desire to engage in the
conduct . . . .


(b) A person acts knowingly, or with knowledge, with respect to the nature of his
conduct or to circumstances surrounding his conduct when he is aware of the
nature of his conduct or that the circumstances exist. . . . 



Tex. Penal Code Ann. § 6.03(a), (b) (West 1994). In this case "knowingly" is sufficient to sustain
the conviction. It is not necessary to prove the higher degree of culpability, "intentionally," when
the offense can be established by a lower degree of culpability. See Tex. Penal Code Ann.
§ 6.02(d), (e) (West 1994); Cowan v. State, 562 S.W.2d 236, 240 (Tex. Crim. App. 1978)(where
State pleads intentionally and knowingly, proof of either mental state sufficient).

 The evidence showed that appellant was released from prison from his 1993
burglary conviction in March 1, 1996, and shared an apartment in Austin with his twin brother. 
He bought a van July 21,1996, with money he had recently inherited from his mother. On
Saturday morning, August 3, 1996, he went fishing with his brother and a friend of his brother.

 That same Saturday afternoon about 2:00 p.m. Deputy Sheriff John Dusek of the
Williamson County Sheriff's Department was dispatched to investigate a report that a Dodge van
had left the scene of an accident. The driver was reported to be armed with two knives. Deputy
Dusek searched the area reported and found the van on the side of the road; appellant was
changing its flat tire. Deputy Dusek had appellant lie down and handcuffed him. In the process,
the deputy observed a filet knife of illegal length on the ground beside appellant. Deputy Dusek
also saw another knife with a blade of about seven inches (1) under the windshield wiper of the van. 
Appellant refused to identify himself, was extremely belligerent, smelled of alcohol and appeared
to be intoxicated. Deputy Dusek decided to arrest appellant because of his possession of illegal
knives and his intoxicated condition. When the only person in a vehicle is arrested, the Sheriff's
department procedure is to have the vehicle towed to storage. First, the deputy must conduct an
inventory of the contents of the van for the protection of the owner against theft and for the
protection of the towing company against false charges of theft. In addition, Deputy Dusek was
searching for information that would help identify appellant. As Dusek initiated the inventory
search, other deputies arrived to assist. Inside the van they found a black nylon holster for a
pistol, a box for a pistol, ammunition in that box, and an empty magazine for a weapon. They
also found additional knives. The deputies found two bottles of bourbon and many large cans of
beer. Deputy Tomlinson looked in the open back doors of the van and saw an enclosure loosely
covered with a panel. Through a gap in the panel he saw a bag. He felt the bag and could tell it
was the barrel of and magazines for a weapon. He looked in and found what the deputies initially
believed to be a machine gun and several magazines. The weapon was identified as a M.A.C. 10
Ingram .45 caliber semiautomatic pistol with at least one magazine that would hold 45 rounds of
ammunition, and another that would hold 30.

 When Deputy Dusek inquired about appellant's identity, he was not helpful. He
cursed the deputy, tried to kick out a window in the patrol car, and threatened to kill the deputy
and his family. Appellant said he knew where the deputy lived. After appellant was told that the
weapon had been found, and while being transported to jail, appellant again threatened to kill
Dusek and suggested that "Banditos" would assist him. In making the threat, appellant told Dusek
that "that wasn't the most of the guns he had or that wasn't the worst of the guns, something to
that effect."

 Appellant testified at trial and admitted that he had a prior felony conviction, that
he owned the van, that the weapon was found in his van, and that he was the driver and only
occupant before he stopped to repair the flat tire. However, he denied any knowledge of the
weapon. Appellant's brother Michael testified that the knives were his and that he had put them
in the van to go fishing. He said the M.A.C. 10 weapon was his and that he had hidden it in his
brother's van without his knowledge. Michael said that he had purchased the weapon on Sixth
Street in Austin on the evening of July 24 from an unknown black male for about $200.00 cash. 
A couple of nights later Michael showed appellant his "new toy." Michael said that appellant was
very upset and told Michael to get rid of it because it was illegal for appellant to be around it. 
Michael said he put the weapon in his own pickup, which had a lockbox that could be locked. 
However, within a day Michael decided it was not safe in his truck, so without his brother's
knowledge, he put the gun in his brother's van in a compartment behind a panel that was held on
by screws. Michael also claimed ownership of the holster and bullets found in the van. He said
he had bought the box of ammunition at a garage sale. Appellant's estranged wife Deborah
testified that appellant had taken her and their two sons out to celebrate the July 28 birthday of the
eldest and that she had thoroughly searched the van to insure that he had no alcohol or drugs in
the van while visiting with his children. She testified that she had removed the panel where the
deputies later found the machine gun and found it empty. The next night appellant called her and
was very agitated because he did not want to stay in the same apartment with the gun belonging
to Michael. Appellant asked to come stay with her, but Deborah declined. Michael called 
Deborah on August 6 and told her that appellant had been arrested for possession of "an UZI with
a silencer"; at that time Michael told her that the gun was his. She did not want to get involved. 
Deborah and Michael finally came forward to claim that the gun belonged to Michael after
appellant had been in jail for two months.

 At trial, appellant denied that the gun was his and denied knowing that it was in his
van. Appellant testified that he had gone fishing with his brother and his brother's friend. 
Appellant and the friend went to purchase worms and cigarettes. Appellant discovered that the
friend was smoking crack cocaine so he kicked him out of the van. When appellant drove to
another store, a car bumped into his van. It was his brother's friend and another man trying to
pick a fight. Appellant jumped in his van to avoid a confrontation, but later jumped out of his van
with a knife to fight with Michael's friend. During a car chase, appellant hit a curb, went through
a fence, and got a flat tire. He acknowledged that the deputy arrested him, but said that he didn't
threaten the deputy or try to kick out the window of the patrol car.

 We believe that the evidence is sufficient to support the conviction. Appellant's
testimony established all elements except the culpable mental state of "knowingly" possessing the
weapon. Intent can be inferred from acts, words and conduct of the accused. Dues v. State, 634
S.W.2d 304, 306 (Tex. Crim. App. 1982); Romo v. State, 593 S.W.2d 690, 693 (Tex. Crim.
App. 1980). Proof of a culpable mental state generally relies upon circumstantial evidence. 
Dillon v. State, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). Since mental culpability is of such
a nature that it generally must be inferred from the circumstances under which the prohibited act
occurred, the trier of fact may infer intent from any facts in evidence which tend to prove
existence of such intent. Hernandez v. State, 819 S.W.2d 806, 810 (Tex. Crim. App. 1991), cert.
denied, 504 U.S. 974 (1992). See Skillern v. State, 890 S.W.2d 849, 880 (Tex. App.--Austin
1994, pet. ref'd).

 An inference of guilt can be drawn from flight. Foster v. State, 779 S.W.2d 845,
859 (Tex. Crim. App. 1989). In Felder v. State, 848 S.W.2d 85, 98 (Tex. Crim. App. 1992), the
court said that like flight, the defendant's presentation of false identification to a police officer
when he was pulled over indicated a "consciousness of guilt" and an awareness of the need to
conceal his identity from law enforcement officials. From appellant's refusal to identify himself,
the jury could infer that he needed to conceal his status as a felon because of the contraband (the
machine-gun-like weapon) in his van. In Butler v. State, 936 S.W.2d 453, 459 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd), the court said that giving false identification after
arrest and engaging in a violent outburst like kicking out the door of the patrol car indicated the
accused's guilty knowledge of the assault for which he had been arrested. Appellant's attempt to
kick out the glass in Dusek's patrol car could give rise to an inference of guilty knowledge of
being caught with a machine gun in his van. We believe that having a holster and ammunition in
the vehicle is significant and entitled to some weight in determining appellant's knowledge of the
existence of a concealed weapon in his vehicle. In Nesbit v. State, 720 S.W.2d 888, 889 (Tex.
App.--Austin 1986, no pet.), we gave weight to the fact that appellant had shotgun shells in his
pocket that were identical to those in a shotgun in the defendant's pickup truck.

 Appellant's profanity and threats to kill the arresting deputy sheriff and his whole
family, and his invocation of "Banditos" to assist him in wiping out Dusek, are inconsistent with
appellant's claimed lack of knowledge of the weapon. Appellant's remark to Dusek that the
weapon found was not the most or the worst of the guns he had could provide the basis for the fact
finder's determination that appellant knew the gun was in his van.

 Evidence that the defendant asserted ownership of the car in which the gun was
found under the driver's floormat with defendant driving was held sufficient to sustain the
conviction for felon in possession of a firearm. Mena v. State, 504 S.W.2d 410, 413-414 (Tex.
Crim. App. 1974). The court of criminal appeals has also held that proof of a pistol on the floor
near the defendant in his car established possession. Hazel v. State, 534 S.W.2d 698, 700 (Tex.
Crim. App. 1976). This Court has held that ownership of a truck in which a gun was found under
the driver's seat, within easy reach, was sufficient to sustain a conviction for felon in possession
of a firearm. Nesbit v. State, 720 S.W.2d 889 (Tex. App.--Austin 1996, no pet.).

 Appellant relies on Humason v. State, 728 S.W.2d 363 (Tex. Crim. App. 1987),
in which the court found the evidence insufficient to support a conviction for possession of
controlled substance when it only showed the defendant alone in a pickup truck with an unzipped
gym bag containing cocaine next to him on the seat. The court applied the alternative reasonable
hypothesis test and found that the evidence did not exclude the hypothesis that the defendant was
unaware of the presence of the cocaine. The alternative reasonable hypothesis analytical construct
was disavowed in Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991).

 We believe that the evidence in this case is sufficient for the fact finder to determine
that appellant knowingly possessed the weapon. The first point of error is overruled.


Which Law Applies?

 Appellant's second point of error contends that the prior law on felon in possession
of a firearm applied to his case. The prior law required the felony conviction to be one involving
or threatening violence, a requirement no longer in effect. Act of May 24, 1973, 63d Leg., R.S.,
ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964, amended by Act of May 29, 1993, 73d Leg., R.S.,
ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688. (Tex. Penal Code Ann. § 46.05 renumbered
as § 46.04). Appellant's offense, burglary of a habitation, was not a per se offense involving
violence, but whether the offense is a crime of violence depends on the specific facts and
circumstances of each case. See Powell v. State, 538 S.W.2d 617, 618 (Tex. Crim. App. 1976). 
There was no proof of any violence or threat in the burglary in his case. Without such proof, the
evidence would be insufficient under the former law. See Boyd v. State, 899 S.W.2d 371, 374
n.5 (Tex. App.--Houston [14th Dist.] 1995, no pet.).

 Appellant was convicted of burglary in 1993. The present offense for possession
of the machine-gun-like weapon found in his van occurred on August 3, 1996. Between the date
of his burglary conviction and the weapon offense, the statute was rewritten and renumbered. The
effective date of the amendment was September 1, 1994. The legislature specified in the
amendatory Act that the changes made were not applicable to offenses committed before the
effective date of the Act, and that "[f]or purposes of this section, an offense is committed before
the effective date of this article [the amending act] if any element of the offense occurs before the
effective date." Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen.
Laws 3586, 3688.

 Appellant relies on Burleson v. State, 935 S.W.2d 526, 528 (Tex. App.--Waco
1996, no pet.), a case with the same time sequence as the instant case. The court in Burleson held
that for purposes of determining the applicability of the amended statute, a conviction for a felony
occurs at the time the conviction was obtained. Because the prior felony was an element of the
later offense of felon in possession, if the conviction occurred before the effective date of the
amendment, the defendant had to be prosecuted under the prior version of the statute. The court
of criminal appeals has very recently considered this precise issue and rejected Burleson. "We
conclude the Legislature did not intend for the date of the prior conviction to be considered an
element of § 46.04. Instead, we conclude the Legislature intended for only a defendant's status
as a felon to be an element of § 46.04. Therefore, appellee was subject to prosecution under
§ 46.04." State v. Mason, No.1300-97, slip op. at 14 (Tex. Crim. App. Oct. 28, 1998). In light
of this direct and recent holding against appellant's position, we overrule his second point of error.


Conclusion

 Having overruled appellant's two points of error, we affirm the judgment of
conviction.



 

 Bea Ann Smith, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: November 19, 1998

Do Not Publish

1. Carrying a knife with a blade over five and one-half inches is an offense. Tex. Penal Code
Ann. § 46.02(a) (West 1994) & § 46.01(6)(A) (West Supp. 1998).


idence did not exclude the hypothesis that the defendant was
unaware of the presence of the cocaine. The alternative reasonable hypothesis analytical construct
was disavowed in Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991).

 We believe that the evidence in this case is sufficient for the fact finder to determine
that appellant knowingly possessed the weapon. The first point of error is overruled.


Which Law Applies?

 Appellant's second point of error contends that the prior law on felon in possession
of a firearm applied to his case. The prior law required the felony conviction to be one involving
or threatening violence, a requirement no longer in effect. Act of May 24, 1973, 63d Leg., R.S.,
ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964, amended by Act of May 29, 1993, 73d Leg., R.S.,
ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688. (Tex. Penal Code Ann. § 46.05 renumbered
as § 46.04). Appellant's offense, burglary of a habitation, was not a per se offense involving
violence, but whether the offense is a crime of violence depends on the specific facts and
circumstances of each case. See Powell v. State, 538 S.W.2d 617, 618 (Tex. Crim. App. 1976). 
There was no proof of any violence or threat in the burglary in his case. Without such proof, the
evidence would be insufficient under the former law. See Boyd v. State, 899 S.W.2d 371, 374
n.5 (Tex. App.--Houston [14th Dist.] 1995, no pet.).

 Appellant was convicted of burglary in 1993. The present offense for possession
of the machine-gun-like weapon found in his van occurred on August 3, 1996. Between the date
of his burglary conviction and the weapon offense, the statute was rewritten and renumbered. The
effective date of the amendment was September 1, 1994. The legislature specified in the
amendatory Act that the changes