The Honorable Shirley Walters State Representative Post Office Box 1876 Greenwood, AR 72936-1876
Dear Representative Walters:
I am writing in response to your request for my opinion on a question arising from the following reported facts:
 An issue of dispute has arisen among some of my Farm Bureau members, the Chamber of Commerce members and landowners concerning Ark. Code Ann. § 18-11-106. Apparently, some members are of the opinion Ark. Code Ann. § 18-11-106 requires that in order to claim property by adverse possession you must EITHER have held color of title OR that the property that is being claimed by adverse possession is contiguous to property actually owned by the adverse claimant. Others are contending that Ark. Code Ann. § 18-11-106
requires that in order to claim property by adverse possession that you must have color of title to the actual property that you are claiming by adverse possession.
 The majority of landowners discounted this second interpretation until the Arkansas Court of Appeals in Boyette v. Vogelpohl in an opinion delivered October 5, 2005, collaterally agreed in the second last paragraph of the opinion that the 1995 legislative amendment, which is now Ark. Code Ann. § 18-11-106, effectively repealed the adverse possession law unless you have color of title.
 This has caused some degree of concern among landowners everywhere because it is rare to find a fence line exactly on the deed line or survey line and it would indeed be rare to find that a landowner is paying taxes on other than his deed line property and therefore would have no color of title to the property even though it had been under fence for 100 years. The last word in the first paragraph of Ark. Code Ann. § 18-11-106 is "either" and we believe that to be controlling.
 Against this backdrop, you have posed the following question:
 What is the meaning of Ark. Code Ann. § 18-11-106
insofar as it requires color of title or payment of taxes on all property claimed by adverse possession?
Although your question itself is general in scope, covering all varieties of adverse possession, I gather from your specific reference to Boyette v. Vogelpohl, ___ Ark. App. ___, ___ S.W.3d ___ (Oct. 5, 2005), which involved only the issue of what elements are required to adversely claim ownership of a parcel contiguous to property already owned, that your particular concern is narrower. Nevertheless, given the scope of your question, I will summarize in my response the law applicable to all varieties of property.
RESPONSE
In my opinion, if the property claimed is not (1) unimproved and unenclosed, (2) wild and unimproved, or (3) adjacent to property the claimant already owns, then in addition to meeting the conditions for adverse possession established at common law, the claimant must (1) have actual or constructive possession of the land being claimed, (2) have held color of title to the property for seven years and (3), if the claimant is not exempt from taxation, have paid taxes on the property for seven years. With respect to "unimproved and unenclosed land," again assuming that all common-law conditions for adverse possession have been met and the claimant is in actual or constructive possession of the property, if the record owner has not also paid the taxes or made a bona fide effort to do so, the adverse claimant may obtain color of title by paying taxes on the land for a period of seven years. With respect to "wild and unimproved land," again assuming that all common-law conditions for adverse possession have been met and the claimant is in actual or constructive possession of the property, if the record owner has not also paid the taxes or made a bona fide effort to do so, an adverse claimant may obtain color of title by paying taxes on the property for a period of 15 years. I cannot account for the distinction between the treatment of "unimproved and unenclosed land" and "wild and unimproved land," given that the Arkansas Supreme Court has declared on various occasions that these categories are identical. With respect to property that abuts a parcel the adverse claimant already owns, which appears to be the focus of your question, the contiguous owner may claim the adjacent parcel adversely so long as (1) he meets the conditions at common law to do so and (2) he has actual or constructive possession of the land being claimed. Notwithstanding an apparently contrary suggestion in recentdictum by the Arkansas Court of Appeals, the claimant need not have color of title or have paid taxes on the adjacent property being claimed. A.C.A. § 18-11-106 (Supp. 2005). However, with respect to any category of property, the 1995 statutory conditions relating to color of title will not apply to defeat a claim of adverse possession that ripened at common law prior to the enactment of A.C.A. § 18-11-106 pursuant to Acts 1995, No. 776, § 1.
Section 18-11-106 of the Arkansas Code provides:
 (a) To establish adverse possession of real property, the person and those under whom the person claims must have actual or constructive possession of the real property being claimed and have either:
 (1)(A) Held color of title to the real property for a period of at least seven (7) years and during that time paid ad valorem taxes on the real property.
 (B) For purposes of this subdivision (a)(1), color of title may be established by the person claiming adversely to the true owner by paying the ad valorem taxes for a period of at least seven (7) years for unimproved and unenclosed land or fifteen (15) years for wild and unimproved land, provided the true owner has not also paid the ad valorem taxes or made a bona fide good faith effort to pay the ad valorem taxes which were misapplied by the state and local taxing authority; or
 (2) Held color of title to real property contiguous to the real property being claimed by adverse possession for a period of at least seven (7) years and during that time paid ad valorem taxes on the contiguous real property to which the person has color of title.
 (b)(1) The requirements of subsection (a) of this section with regard to payment of ad valorem taxes shall not apply to a person or entity exempt from the payment of ad valorem taxes by law.
 (2) For the person or entity exempt from the payment of ad valorem taxes to establish adverse possession of real property, the person or entity must have:
 (A) Actual or constructive possession of the real property being claimed and held color of title to the real property for a period of at least seven (7) years; or
 (B) Actual or constructive possession of the real property being claimed and held color of title to the real property contiguous to the real property being claimed by adverse possession for a period of at least seven (7) years.
 (c) The requirements of this section are in addition to all other requirements for establishing adverse possession.
 (d)(1) This section shall not repeal any requirement under existing case law for establishing adverse possession but shall be supplemental to existing case law.
 (2) This section shall not diminish the presumption of possession of unimproved and unenclosed land created under § 18-11-102 by payment of taxes for seven (7) years under color of title or the presumption of color of title on wild and unimproved land created under § 18-11-103 by payment of taxes for fifteen (15) consecutive years.
(Emphasis added.)
As noted in my summary paragraph, supra, if the property claimed is not (1) unimproved and unenclosed, (2) wild and unimproved, or (3) adjacent to property the claimant already owns, then in addition to meeting the conditions for adverse possession established at common law, the claimant must (1) have actual or constructive possession of the land being claimed, (2) have held color of title to the property for seven years and (3), if the claimant is not exempt from taxation, have paid taxes on the property for seven years. A.C.A. §§ 18-11-106(a)(1)(A) and With respect to "unimproved and unenclosed land," if all common-law conditions for adverse possession have been met and the claimant is in actual or constructive possession of the property, and further if the record owner has not also paid the taxes or made a bona fide effort to do so, the adverse claimant may obtain color of title by paying taxes on the land for a period of seven years. With respect to "wild and unimproved land," again if all common-law conditions for adverse possession have been met and the claimant is in actual or constructive possession of the property, and further if the record owner has not also paid the taxes or made a bona fide effort to do so, an adverse claimant may obtain color of title or by paying taxes on the property for a period of 15 years.[1]
In order to establish adverse possession of property adjacent to property one already owns, a situation that appears to be the primary focus of your question, an adverse claimant must establish three things: (1) that he has met the requirements to claim adversely at common law, (2) that he held color of titleto the property adjoining the property being claimed adversely
for at least seven years; and (3) that he has paid taxes on theproperty adjoining the property being claimed adversely for at least seven years. Nowhere in this statute is there any suggestion that one in possession of a parcel of property to which he has held color of title and on which he has paid taxes for the requisite period of time cannot adversely claim an adjacent parcel without showing that he has color of title to or that he has paid taxes on the parcel he is claiming by adverse possession. In this respect, the law clearly distinguishes between property contiguous to a parcel a claimant already owns, which might be claimed adversely without any showing of color of title to or payment of taxes on the property being claimed, and any noncontiguous property, which may be successfully claimed by adverse possession only upon establishing both color of title to and payment of taxes on the property being claimed for the requisite period of time.
This reading of the statute accords with the following pronouncement in Anderson v. Holliday, 65 Ark. App. 165, 171,968 S.W.2d 116 (1999):
 Appellants assert that appellees failed to prove they had paid property taxes on the land in question for a period of seven years. In support of this allegation, appellants cite Ark. Code Ann. § 18-11-106(a)(1)(A) (Supp. 1997), which requires actual or constructive possession of the property being claimed and either holding color of title to the land for at least seven years and paying ad valorem taxes on the land during this seven-year period, or holding color of title and paying ad valorem taxes for at least seven years on land contiguous to the land being claimed by adverse possession.
(Emphasis added.) Accord Fulkerson v. Van Buren,60 Ark. App. 257, 263, 961 S.W.2d 780 (1998) ("Act 776 of 1995 . . . included as additional requirements for establishing adverse possession that the person claiming must have held color of title to the property or to contiguous real property for at least seven years.") (emphasis added). This reading of the statute was most recently applied by the Arkansas Supreme Court in Thompson v.Fischer, ___ Ark. ___, ___ S.W.3d ___ (Dec. 15, 2005), in which the court offered the following analysis in addressing whether a claimant owning various lots in a subdivision had obtained three adjacent lots by adverse possession:
 Thompson concedes that Fischer meets the requirements of § 18-11-106(a)(2), as Fischer paid taxes on the lots contiguous to Block O, Lots 3-6, for at least seven years. However, because the statutory provisions for establishing title by adverse possession "are in addition to all other requirements" for establishing adverse possession, see § 18-11-106(b), the payment of taxes on contiguous property, standing alone, is insufficient to establish title in Fischer. Thus, the court also considers those common law factors that must be met to prove adverse possession.[2]
(Emphasis added.)
The substance of the statute at issue is perhaps most aptly summarized in the following recent pronouncement:
 . . . Ark. Code Ann. § 18-11-106 (a) (2) (Supp. 2005) . . . provides that the person claiming title to property by adverse possession must have had actual or constructive possession of the property being claimed and must have had color of title to the real property contiguous to the real property being claimed by adverse possession for at least seven years, and during that time must have paid ad valorem taxes on the contiguous real property to which the person has color of title. Additionally, the person claiming the property must demonstrate that his possession of the property met the common law elements of establishing adverse possession: possession of the land for at least seven years that was visible, continuous, notorious, distinct, exclusive, hostile, and with intent to hold against the true owner. Ark. Code Ann. § 18-11-106(c); Dillard v. Pickler, 68 Ark. App. 256, 6 S.W.3d 128
(1999).
Roberts v. Boyd, ___ Ark. App. ___, ___ S.W.3d ___ (March 6, 2006) (emphasis added). See also Schrader v. Schrader,81 Ark. App. 343, 348, 101 S.W.3d 873 (2003) (holding that even though "appellees provided no proof to the trial court of payment of advalorem taxes on the land in dispute or on contiguous land" (emphasis added), title to adjoining property had vested in the appeals at common law prior to the enactment of A.C.A. §18-11-106). In considering whether a claimant is justified in asserting adverse possession of property contiguous to property he owns of record, among the pertinent questions is thus whether the claimant has paid taxes for the requisite time on the property he indisputably owns, not whether he paid taxes on the property he is claiming by adverse possession.
This reading of the statute is further strongly supported by the fact that A.C.A. § 18-11-106(a)(2) would amount to mere surplusage if it were read as requiring a claimant of property contiguous to his own to establish color of title in and the payment of taxes for the requisite period upon the property being claimed. If these requirements indeed applied, they would be identical to the generally applicable requirements set forth in A.C.A. § 18-11-106(a)(1)(A), and there would be absolutely no need to address a distinct category of contiguous properties. It is an established rule of statutory construction that language in a statute will not be given a construction that renders it mere surplusage. See e.g., Stephens v. Arkansas School for theBlind, 341 Ark. 939, 20 S.W.3d 397 (2000); Central SouthernCompanies, Inc. v. Weiss, 339 Ark. 76, 3 S.W.3d 294 (1999); andFord v. Keith, 338 Ark. 487, 996 S.W.2d 20 (1999). In my opinion, then, as its express language reflects, A.C.A. §18-11-106(a)(2) carves out an exception to the general rule, declaring that specifically with respect to contiguous properties, under appropriate circumstances, the owner of one such property might adversely claim the other without having color of title to or having paid taxes on the property being claimed.[3]
Having ventured this opinion, I must acknowledge several cases, including the one referenced in your request, that might possibly be read as implying that an adverse claimant to property adjacent to his own is required under A.C.A. § 18-11-106 to establish that he has color of title to the property being claimed and has paid taxes on that property for at least seven years. Specifically with respect to the case that has caused your constituents concern, in Boyette v. Vogelpohl, ___ Ark. App. ___, ___ S.W.3d ___ (Oct. 5, 2005), the Arkansas Court of Appeals offered the following analysis of the parties' boundary dispute:
 [T]he Boyettes established a claim of adverse possession to the disputed property. In order to establish a claim for adverse possession, a party must prove that he had possessed the property in question continuously for more than seven years and that the possession was visible, notorious, distinct, exclusive, hostile, and with the intent to hold against the true owner. McWilliams v. Schmidt, 76 Ark. App. 173, 61 S.W.3d 898 (2001). The Vogelpohls contend that the Boyettes' claim of adverse possession fails because they have not complied with Ark. Code Ann. § 18-11-106, in that they failed to present proof that they paid ad valorem taxes. See Schrader v. Schrader, 81 Ark. App. 343, 101 S.W.3d 873 (2003). However, the statutory requirements for adverse possession were amended in 1995, requiring the party seeking adverse possession to show color of title and payment of taxes in addition to all of the elements necessary under existing adverse possession. Id. In Schrader, the court held that if the claimant's action accrues before 1995, the effective year of the amendment, then requirement of payment of taxes is not necessary. Id. In this case, the Boyettes have openly and continuously used and occupied the property on the east side of the fence line since the 1960s, thus their adverse possession claim would have accrued well before 1995. For the reasons stated above, we find that the Boyettes also established a claim for adverse possession.
___ Ark. App. ___, ___ S.W.3d ___.
In reviewing this passage, I am struck by two things. First, in setting forth the elements for establishing a claim of adverse possession to adjoining property, the court did not declare that the claimant must establish color of title to and payment of taxes upon the property being claimed; rather, it merely declared that the claimant must establish that he had paid ad valorem taxes — a condition that might just as readily refer to payment of taxes on the contiguous property he indisputably owned. According to my proposed reading of the statute, such proof would indeed be an essential element to support a claim of adverse possession. Secondly, even assuming the court was referring to the property being claimed, its pronouncement on this issue was purely dictum, given that the court's disposition of the case turned on the fact that the claimant's right of ownership by adverse possession had vested before A.C.A. § 18-11-106 was enacted.
A somewhat more complicated analysis applies to the following pronouncement by the Arkansas Court of Appeals in Mary v. Cityof Ashdown, ___ Ark. App. ___, ___ S.W.3d ___ (March 15, 2006) — an inverse condemnation suit in which a property owner maintained that the city of Ashdown had improperly extended a public dump site onto his property:
 In 1995, the law governing adverse possession changed, requiring one to show color of title and payment of taxes in addition to all of the elements necessary under previously existing adverse possession case law. Ark. Code Ann. § 18-11-106
(Supp. 2005). The statutory changes made in 1995 do not apply to property owners whose rights to the disputed land had vested prior to that time. Schrader v. Schrader, 81 Ark. App. 343, 101 S.W.3d 873 (2003).
Within the factual context of the case, the term "payment of taxes" in this passage might be read as necessarily referring to payment of taxes upon the land being claimed by adverse possession. A public city dump, after all, being "public property used exclusively for public purposes," is exempt from taxation pursuant to Ark. Const. art. 16, § 5(b), suggesting that the court's reference to the payment of taxes might necessarily be to payment on the land being claimed adversely. The fact that the court resolved the issue before it simply by declaring that the city's rights in the property vested before the 1995 effective date of A.C.A. § 18-11-106 mitigates this concern only to the extent that it supports dismissing this suggestion as dictum.
The court's reference to the statute nevertheless remains significant insofar as it suggests that a different result might have been warranted had the claimants adverse rights not attached at common law prior to the effective date of A.C.A. § 18-11-106. In any event, to the extent that Mary might be read as suggesting that the payment of taxes on contiguous property being claimed by adverse possession is at issue in an action asserting that claim, I believe the court's dictum is simply wrong and at odds with the Arkansas Supreme Court's controlling contrary pronouncement in Thompson, supra.
Finally, even if the court's holdings in Boyette and Mary
might be read as both contrary to the other cases discussed in this opinion and controlling — propositions I am not inclined to accept — your constituents nevertheless need not be concerned that the color-of-title requirements set forth in the statute might call into question, as you suggest in your request, an adverse possessor's ownership of property that had been "under fence for 100 years" In each case, the court held that precisely because the adverse claimant had occupied the property at issue long enough prior to the enactment of A.C.A. § 18-11-106 to own it by adverse possession at common law, the statutory requirements could not apply to defeat a claim of ownership.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB/JHD:cyh
[1] Although on the face of the statute, the differing standards applicable, on the one hand, to "unimproved and unenclosed land" and, on the other, "wild and unimproved land," appear straightforward, a complication arises in light of the fact that these two categories of property are apparently indistinguishable. The courts in the past have used the terms "unimproved and unenclosed" interchangeably. See Appolos v.International Paper Co., 34 Ark. App. 205, 207, 808 S.W.2d 786
(1991); Stahl v. Thompson, 6 Ark. App. 275, 276, 641 S.W.2d 721
(1982); Schuman v. Martin, 531 S.W.2d 26, 27 (Ark. 1975).
The seven year/15 year distinction at one point appears to have had significance relating to whether an adverse claimant to such property had color of title. In Schuman, 259 Ark. at 5, the court explained this distinction as follows:
 The appellants are mistaken in their understanding of what constitutes "unimproved and unenclosed" land. Those words are used in Section 37-102, which requires payment of taxes for seven years under color of title. The companion statute, Section 37-101, requires payment of taxes for fifteen years without color of title and refers to "wild and unimproved" land. We have repeatedly held that the two statutes refer to the same conditions, "unimproved and unenclosed" being used interchangeably with "wild and unimproved."
This distinction based upon color of title no longer exists in the current legislation, raising the question of what term of years in fact applies in resolving a claim of adverse possession involving such property.
[2] In Mary v. City of Ashdown, ___ Ark. App. ___, ___ S.W.3d ___ (March 15, 2006), the court the following common-law elements necessary to support a claim to property by adverse possession:
 Possession alone does not ripen into ownership, but the possession must be adverse to the true owner. Thompson v. Fischer, ___ Ark. ___, ___ S.W.3d ___ (Dec. 15, 2005). To establish ownership by adverse possession, one must show that the possession was actual, open, notorious, continuous, hostile, and exclusive. Id. It is ordinarily sufficient proof of adverse possession that the claimant's acts of ownership are of such a nature as one would exercise over his own property and would not exercise over the land of another. Trice v. Trice, ___ Ark. App. ___, ___ S.W.3d ___ (June 15, 2005). . . .
 An adverse claimant does not necessarily have to possess knowledge that the claimed land is not his; rather, the claimant's subjective intent to claim the land that he is possessing is derived from his objective conduct. Dickson v. Young, 79 Ark. App. 241, 85 S.W.3d 924 (2002). It is this objective conduct that is determinative. Id.
[3] Although neither the statute nor any applicable case law addresses why the legislature carved out this exception to the general rule, the legislature's intention appears self-evident. For various reasons, it is quite common for property records and surveys of adjoining properties to conflict, generating a constant stream of litigation. In the interests of fairness and finality, the legislature has determined that in the face of such conflicts, so long as the common-law elements of adverse possession are met, the party who has been in de facto
possession of property for the requisite period of time should be deemed its legal owner, notwithstanding the fact that he may not have paid taxes he had no reason to know he owed.