TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00103-CR







Barry Coleman, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0981900, HONORABLE JON N. WISSER, JUDGE PRESIDING







 Pursuant to a plea bargain, appellant pleaded guilty to the misdemeanor offense of
attempted possession of cocaine in an amount less than one gram. See Tex. Penal Code Ann.
§ 15.01(d) (West Supp. 2000) & Tex. Health & Safety Code Ann. §§ 481.108, .115(b) (West
Supp. 2000). The court assessed punishment at 120 days in jail and court costs. Appellant raises
one issue contending that the trial court erred in denying appellant's motion to quash for
prosecutorial vindictiveness. We will affirm the conviction. 


Background


 Appellant was first indicted and charged with one count of second degree felony
possession of cocaine in an amount of more than four but less than 200 grams which allegedly
occurred on September 28, 1997. See Tex. Health & Safety Code Ann. § 481.115(d) (West Supp.
2000). The indictment also alleged that appellant had twice before been convicted of felony
offenses. When the jury was unable to reach a verdict, the court declared a mistrial. At a pretrial
conference one week later, appellant asked to be retried by a jury on the indictment. Before a
second trial commenced, the State indicted appellant a second time charging him with two counts
of first degree felony possession of more than four grams and less than 200 grams of cocaine this
time with intent to deliver; one count was the subject of the original indictment that allegedly
occurred on September 28, 1997, and the other count allegedly occurred on September 21, 1997. 
This second indictment, like the original, alleged that appellant had been convicted of prior felony
offenses except this indictment alleged three prior felony convictions. Appellant filed a motion
to quash the second indictment asserting vindictive prosecution and contending that the State had
improperly charged him with two first degree felony offenses after he had requested a second jury
trial on the original, second degree felony indictment. The trial court held a hearing and denied
the motion. Appellant then pleaded guilty to a lesser misdemeanor offense; the trial court
accepted the plea and granted the State's motion to dismiss the original indictment. 


Discussion


 In a single issue appellant contends that the trial court erred by denying his motion
to quash the second indictment based on prosecutorial vindictiveness. Appellant contends that
when he requested a second jury trial on the original indictment he exercised a procedural right
that invoked a presumption of prosecutorial vindictiveness when the State alleged the higher
offenses in the second indictment. Appellant contends that since the presumption of prosecutorial
vindictiveness was raised, it was the State's burden to rebut the presumption by presenting
independent reasons or circumstances demonstrating that the decision to indict the second time
with a greater offense was motivated by a legitimate purpose. The State maintains to the contrary
and contends that by appellant merely asking for a second jury trial no presumption of
prosecutorial vindictiveness was raised. 

 The right to due process protects a person from vindictive prosecution by the State.
See Blackledge v. Perry, 417 U.S. 21, 29-30 (1974). Whether prosecutorial vindictiveness exists
is determined on a case-by-case basis. Lopez v. State, 928 S.W.2d 528, 533 (Tex. Crim. App.
1996). If the State increases a charge against a defendant after the defendant appeals a conviction,
a presumption of prosecutorial vindictiveness arises, there need be no showing that the prosecutor
acted maliciously or in bad faith, and the increased charge may be barred on due process grounds. 
See Blackledge, 417 U.S. at 29-30 (after defendant requested trial-de-novo appeal to higher court
of his misdemeanor conviction State increased charge against defendant to felony offense). This
presumption, however, does not arise unless the defendant exercises a statutory or constitutional
right to review by a higher court. See Castleberry v. State, 704 S.W.2d 21, 24 (Tex. Crim. App.
1984).

 In this case, after the trial court declared a mistrial due to a hung jury, appellant
merely asked for a second jury trial on the pending indictment. Appellant's request for a second
trial on the same indictment was not an appeal of a conviction as occurred in Blackledge. Instead,
appellant simply requested a retrial on the pending indictment. Additionally, the distinction
between a bench trial and a jury trial does not compel a special presumption of prosecutorial
vindictiveness whenever additional charges are brought after a jury is demanded, especially in
view of the fact that appellant requested a jury trial on the original indictment. See Woodson v.
State, 777 S.W.2d 525, 529 (Tex. App.--Corpus Christi 1989, pet. ref'd) (citing United States v.
Goodwin, 457 U.S. 368, 383 (1982)). When appellant requested a second jury trial on the initial
possession indictment, he was not appealing a conviction to a higher court. Appellant was,
therefore, not exercising a procedural or constitutional right to appeal and consequently, was not
entitled to a presumption of prosecutorial vindictiveness. 

 Appellant contends that even if he was not entitled to a presumption of prosecutorial
vindictiveness, the State nevertheless acted with malicious intent and the second indictment was
motivated by the prosecutor's bad faith. Appellant contends that the State failed to bring forward
any evidence that justified its decision to impose a greater charge against him. 

 In determining whether the prosecution acted vindictively a court may consider
whether the State learned about facts later that it was not aware of at the time of the original
charge. See Ex parte Barnes, 640 S.W.2d 894, 898-99 (Tex. Crim. App. 1982). 

 The prosecutor testified during the hearing on appellant's motion to quash that the
second indictment resulted after she was able to investigate further the circumstances surrounding
both offenses following the mistrial. The prosecutor conceded that she knew about both offenses
before the trial on the September 28 possession offense, but it was only after the mistrial that she
had the opportunity to further investigate the September 21 incident and determine that there was
enough evidence to warrant more serious charges. We hold that there is nothing in the record
signaling maliciousness or bad faith on the part of the State in issuing a second indictment alleging
greater offenses. The record does not reveal a violation of appellant's due process rights.
Appellant's issue is overruled.

 The trial court's judgment is affirmed.



 


 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and Smith

Affirmed

Filed: April 6, 2000

Do Not Publish



t the second time
with a greater offense was motivated by a legitimate purpose. The State maintains to the contrary
and contends that by appellant merely asking for a second jury trial no presumption of
prosecutorial vindictiveness was raised. 

 The right to due process protects a person from vindictive prosecution by the