**Stanley Homer BATES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 59096.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tatum and David C. Schick, Asst Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for unlawful possession of a firearm by a felon, V.T.C.A. Penal Code, Sec. 46.05. Appellant waived a jury trial and entered a plea of guilty; he was sentenced to imprisonment for ten years.

In his sole ground of error appellant contends that the indictment is void for failure to state an offense.

V.T.C.A. Penal Code, Sec. 46.05, provides:

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives."

The indictment alleges in pertinent part that appellant did

". . . . then and there intentionally and knowingly possess a firearm to-wit: a Handgun, away from the premises where he lived; and prior to the commission of said act, the said STANLEY HOMER BATES, was duly and legally convicted of the felony offense of Burglary, being a felony involving an act of violence to property . . ."

Appellant argues that burglary is not a violent crime per se, and that specific acts of violence to property must be alleged in the indictment in order to charge him with an offense under Sec. 46.05.

The indictment alleges all the elements of an offense under Sec. 46.05, supra, including that the prior burglary was "an act of violence to property." The latter allegation tracks the language of Sec. 46.05. We have previously held that allegations in the terms of the applicable penal statute are generally sufficient. *Rowl v. State,* 547 S.W.2d 612 (Tex.Cr.App.1977); *Baldwin v. State,* 538 S.W.2d 109 (Tex.Cr.App.1976). See Art. 21.17, V.A.C.C.P. Moreover, in *Powell v. State,* 538 S.W.2d 617 (Tex.Cr.App.1976), we upheld a similar indictment alleging that the defendant had been convicted "of a felony offense involving violence to property, to-wit, the felony offense of Burglary of a Motor Vehicle." We distinguished the indictment in *Powell* from the void indictments in *Mendoza v. State,* 460 S.W.2d 145 (Tex.Cr.App.1970), and *Waffer v. State,* 460 S.W.2d 147 (Tex.Cr.App.1970), because the latter failed to allege that the prior burglary involved an act of violence. We hold that the indictment need not allege specific evidential facts to show that the burglary involved an act of violence to property; it is sufficient to allege that the burglary involved an act of violence to property.

The judgment is affirmed.