### Ex parte Stanley Homer BATES.

### No. 68275.

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Rehearing Denied Nov. 24, 1982.

Curtis C. Mason, Huntsville, for appellant.

Henry M. Wade, Dist. Atty. and Gregory S. Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

McCORMICK, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P.

The record reflects that applicant was charged by an information dated January 16, 1976, with the misdemeanor offense of unlawfully carrying a weapon. The offense was alleged to have occurred on January 14,

1976. On February 3, 1976, applicant was arrested on a capias issued upon this Court's mandate affirming his prior driving while intoxicated felony conviction. On June 30, 1976, the unlawfully carrying a weapon charge against applicant was dismissed. On July 19, 1976, the applicant received jail credit on his driving while intoxicated conviction. See *Ex parte Bates,* 538 S.W.2d 790 (Tex.Cr.App.1976). On January 24, 1977, applicant was charged by indictment with unlawfully carrying a prohibited weapon by a felon, arising from the January 14, 1976, incident. The indictment alleged two prior convictions for enhancement purposes. On December 7, 1977, applicant pled guilty to the offense of unlawfully carrying a weapon by a felon after the enhancement allegations had been dismissed. Upon his plea of guilty, applicant received a ten-year sentence. That conviction was affirmed on appeal to this Court. See *Bates v. State,* 571 S.W.2d 929 (Tex.Cr. App.1978).

On October 21, 1981, this Court abated this cause and ordered the trial court to hold an evidentiary hearing with regard to applicant's contentions. 624 S.W.2d 588. That hearing has now been held and the record received by this Court. The cause is reinstated. Following the hearing, the court entered findings of fact and conclusions of law and recommended that the relief sought be denied.

Applicant now urges that the prosecution of the weapon's charge as a felony is an example of prosecutorial vindictiveness and therefore a denial of due process. He maintains that he was indicted for the offense of unlawful possession of a firearm by a felon as a result of his success in receiving jail credit on his driving while intoxicated conviction. *Ex parte Bates,* supra. In support of his contention, applicant relies upon *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974).

At the evidentiary hearing, Officer Sandy Soule, of the Dallas Police Department, testified that he arrested applicant on January 14, 1976, for possession of a firearm. When Soule filed his arrest report, he listed the offense as a felony, unlawful possession of a firearm by a felon. See V.T.C.A., Penal Code, Section 46.05. Soule related that he knew of applicant's prior conviction for burglary. Upon the basis of such knowledge, the offense was filed as a felony.

After filling out the arrest report, Soule filed it with the General Assignments Division of the Dallas Police Department. The officer testified that he heard nothing else of the matter until he saw applicant "on the streets" in September of 1976. Soule stated that he was unable to understand why applicant was "back on the streets" so soon after having a felony charge filed against him.

Soule learned that the offense which he had filed against applicant, unlawful possession of a firearm by a felon, had been changed by the General Assignments Division to the misdemeanor offense of unlawfully carrying a weapon. See V.T.C.A., Penal Code, Section 46.02. Soule related that he learned that the unlawfully carrying a weapon's charge had been dismissed while applicant was in the Texas Department of Corrections serving his sentence for driving while intoxicated, second offense.

The officer testified that he went to the Dallas County District Attorney's office to find out why the felony weapons charge had been reduced to a misdemeanor. Soule testified that he was under the impression that some type of "deal" had been made which resulted in the charge being reduced to a misdemeanor and then dismissed. The officer discovered that no such "deal" had been made and he was advised that the weapon's charge could be refiled as a felony. Upon learning that a refiling was possible, Soule reinitiated charges against applicant for the felony offense of unlawful possession of a firearm by a felon. Finally, Soule testified that he never discussed or considered the possibility of refiling charges against applicant for the felony offense simply because applicant had obtained jail

time credit on his driving while intoxicated conviction.

Officer Nate Trammel, of the Dallas Police Department, testified that he and Soule were partners. Trammel participated with Soule in the refiling of felony charges against applicant arising from the weapon's offense on January 14, 1976. Trammel testified that his knowledge of applicant's success on his application for writ of habeas corpus concerning jail time credit on his driving while intoxicated conviction had no effect upon his decision to refile felony charges against applicant. He testified that he simply pursued the matter because he felt that the incident gave rise to a "valid charge" of unlawful possession of a firearm by a felon.

Officer Bryan Galindo, of the Dallas Police Department, testified that, in January of 1976, he was with the General Assignments Division. Galindo stated that he was the individual who had changed Soule's arrest report concerning the nature of the offense for which applicant was arrested on January 14, 1976. Galindo related that he had changed the offense to a misdemeanor because, in reviewing applicant's "rap sheet" for the City of Dallas, he saw no prior felony convictions. Without such a felony conviction, Galindo stated that the charge should have been filed as a misdemeanor, unlawfully carrying a weapon. Galindo related that applicant's 1966 conviction for burglary did not appear on the "rap sheet" for the City of Dallas.

Ron Poole, an attorney, testified that he was the assistant district attorney for Dallas County who dismissed the unlawfully carrying a weapon's charge against applicant. Such dismissal took place on June 30, 1976. Poole related that the charge was dismissed as a result of applicant's incarceration in the Texas Department of Corrections on an unrelated charge. Poole testified that, under such circumstances, the county had no interest in going to the expense of transporting applicant back to Dallas County to stand trial on a misdemeanor charge.

Douglas Mulder, an attorney, testified that he was the assistant district attorney who advised Officers Soule and Trammel that the felony offense of unlawful possession of a firearm by a felon could be refiled against applicant. Mulder related that, in giving such advice to the officers, the fact that applicant had received jail time credit on an unrelated cause had no effect upon his advice that the charge could be refiled as a felony. Specifically, Mulder testified:

"I didn't want to get into a vindictiveness deal. I didn't want them just ginning him around. If they had filed it legitimately as a felony, then as far as I was concerned, if they wanted to refile it, they could. But if they filed it as a misdemeanor and then they—just because he got out on—out of the penitentiary on a DWI or whatever he was down there doing time on, I didn't want to get involved in that type stuff. We've got too much to do to get into something like that."

Applicant testified at the evidentiary hearing. He offered no evidence in support of his claim of vindictiveness other than to outline the sequence of events as set out above.

In support of his allegation of prosecutorial vindictiveness, applicant relies upon *Blackledge v. Perry,* supra. There, the issue concerned increased punishment for a defendant upon retrial after appealing. The defendant in that case had been convicted of assault in an inferior court having exclusive jurisdiction for the trial of misdemeanors. Upon his conviction, he received a six month sentence. Following the conviction, the defendant exercised his right to a trial de novo in the Superior Court, which possessed felony jurisdiction. After filing his notice of appeal, the prosecutor obtained a felony indictment charging the defendant with assault with a deadly weapon. The defendant subsequently pled guilty to the felony and was sentenced to a seven year term. Under the circumstances presented, the Supreme Court found that there was a

presumption of vindictiveness on the part of the prosecutor by filing more serious charges after the defendant had taken advantage of his right to appeal.

Likewise, a presumption of vindictiveness was found in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). There, it was stated that, whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear in the record. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. Therefore, both *Pearce* and *Blackledge* involved the defendant's exercise of a procedural right that caused a complete retrial after he had been once tried and convicted in a case.

The Supreme Court recently considered whether a presumption of vindictiveness would arise in a pretrial decision to modify the charges against a defendant. In *United States v. Goodwin,* —— U.S. ——, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982), the defendant had been charged with misdemeanor assault. During the course of plea negotiations, the defendant advised the government that he did not wish to plead guilty and desired a trial by jury. After expressing such desire, the cause was transferred to another court and the defendant was indicted for a felony offense which had previously given rise to the misdemeanor offense. The defendant was eventually convicted of the felony offense and moved to set aside the verdict on the ground of prosecutorial vindictiveness, contending that the indictment on the felony charge gave rise to an impermissible appearance of retaliation. Ultimately, the Supreme Court refused to apply a presumption of vindictiveness in such a pretrial setting. The Court stated:

"There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he may simply come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystalized.... Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision."

■ In the instant cause, the change in the charging decision was a pretrial decision. Applicant, while charged with a misdemeanor offense, was never tried for that offense before the offense was refiled as a felony. Therefore, there is no presumption of vindictiveness applicable. *United States v. Goodwin,* supra. Absent such a presumption, it was incumbent upon applicant to establish the allegations of his application by a preponderance of the evidence. See *Ex parte Alexander,* 598 S.W.2d 308 (Tex. Cr.App.1980).

In its findings of fact, the court states: "The testimony of B.T. Galindo, the General Assignments investigator who changed the charge on the arrest report, resubmitted the changed arrest report, shows that the felony UCW charge was changed to a misdemeanor UCW charge because Mr. Galindo saw no felony on the city rap sheet, including no burglary, and hence no felony to underly the UCW.... Mr. Galindo said that he did not have the Department of Public Safety nor the Dallas Sheriff's rap sheet before him. No evidence to contradict Mr. Galindo's testimony appears, and the court believes such to be true."

■ This Court is not bound by the findings, conclusions or recommendations of a trial court in reaching a decision on a post-conviction application for writ of habeas corpus. *Ex parte Ramirez,* 577 S.W.2d 261 (Tex.Cr.App.1979). We find that appli-

cant has failed to sustain his burden of proof with regard to his allegation of prosecutorial vindictiveness. The record simply reflects a change in the prosecutor's charging decision made in a pretrial setting in which the prosecutor uncovered additional information which suggested a basis for further prosecution. Applicant has not shown that his conviction for unlawful possession of a firearm by a felon came about as a result of a violation of due process.

Applicant further alleges that his conviction for unlawful possession of a firearm by a felon violates due process of law because the charge had been dismissed for lack of a speedy trial. As with applicant's previous contention, he has failed to sustain his burden of proof with regard to this allegation. Prosecutor Poole testified that the unlawful carrying a weapon's charge was dismissed on June 30, 1976, as a result of applicant's incarceration in the Texas Department of Corrections on an unrelated conviction for driving while intoxicated. Under such circumstances, Dallas County had no interest in going through the expense of trying applicant on the misdemeanor charge. Therefore, the misdemeanor offense was dismissed upon the State's own motion and not applicant's motion for a speedy trial.

The relief sought is denied.

IT IS SO ORDERED.