**Floyd Mack BURLESON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 10–95–318–CR.

Court of Appeals of Texas, Waco.

Dec. 18, 1996.

---

2. TEX. CIV. PRAC. & REM.CODE ANN. § 33.012(b)(1).

Walter M. Reaves, Jr., West, for appellant.

Dan V. Dent, District Attorney, Hillsboro, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

DAVIS, Chief Justice.

Floyd Burleson pleaded guilty to unlawful possession of a firearm by a felon after the court denied his motion to dismiss the indictment. In the first of two points of error, he argues that the court should have dismissed the indictment because it failed to allege a complete offense. We agree with Burleson that the State has omitted an element of the offense, apparently because it was proceed-

ing under the wrong version of the statute, and reverse the court's judgment.

The State alleged in the indictment that:

[Burleson] on or about the 26th day of January A.D.1995, ... in the County and State aforesaid, did then and there unlawfully, possess a firearm away from the premises where the defendant lived and prior to said possession [Burleson] Under The Name of Floyd Boudreaux was convicted of the felony offense of burglary of a building, to wit: On the 7th day of March, 1986 in Cause No. F84–83210–N in the 195th Judicial District Court of Dallas, County, Texas[.]

We first determine what law applies. The Penal Code was extensively rewritten in 1993. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586. Prior to the 1993 revisions, section 46.05 of the Penal Code defined an offense entitled "Unlawful Possession of Firearm by Felon":

A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964, *amended by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688. Under this provision, the State was required to show (1) a person; (2) who has been convicted of a felony; (3) involving an act of violence or threatened violence to a person or property; (4) intentionally, knowingly, or recklessly; (5) possessed a firearm; (6) away from the premises where he lives. *Id.*; TEX. PENAL CODE ANN. § 6.02 (Vernon 1994); *Gardner v. State*, 699 S.W.2d 831, 833 (Tex. Crim.App.1985); *Tew v. State*, 551 S.W.2d 375, 376 (Tex.Crim.App.1977); *Brimberry v. State*, 774 S.W.2d 773, 775 (Tex.App.—Tyler 1989, no pet.); *Young v. State*, 752 S.W.2d 137, 139 (Tex.App.—Dallas 1988, pet. ref'd).

In 1993, however, the Legislature moved the provision into section 46.04 and changed it to read:

(a) A person who has been convicted of a felony commits an offense if he possesses a firearm:

(1) after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or

(2) After the period described by Subdivision (1), at any location other than the premises at which the person lives.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688 (codified at Tex. Penal Code Ann. § 46.04 (Vernon 1994)). By comparing the new and the old provisions, we conclude that the elements for an offense under section 46.04(a)(1) are: (1) a person; (2) intentionally, knowingly, or recklessly; (3) possessed a firearm; (4) after he has been convicted of a felony; (5) before the fifth anniversary of the person's release from confinement or supervision. Id.; Tex. Penal Code Ann. § 6.02; Gardner, 699 S.W.2d at 833; Tew, 551 S.W.2d at 376. The elements of an offense under section 46.04(a)(2) are: (1) a person; (2) intentionally, knowingly, or recklessly; (3) possessed a firearm; (4) after he has been convicted of a felony; (5) away from the premises where he lives. Id.

Under all three provisions, the fact that the defendant had a conviction for a felony offense is an explicit element of the crime.

■ When rewriting the Penal Code, the Legislature specifically provided:

(a) The change in law made by [ch. 900, section 1.01] applies only to an offense committed on or after the effective date of [ch. 900, section 1.01]. For purposes of this section, an offense is committed before the effective date of [ch. 900, section 1.01] if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of [ch. 900, section 1.01] is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen. Laws 3586, 3705. The effective date of the 1993 changes to the Penal Code was September 1, 1994. Id. ch. 900, § 1.19(a). The question then becomes did any element of Burleson's offense "occur" before September 1, 1994.

The legislature has not defined "occur"; thus, we use the commonly understood, everyday definition of the word when interpreting the statute. Tex. Gov't Code Ann. § 311.011 (Vernon 1988); Vernon v. State, 841 S.W.2d 407, 409 (Tex.Crim.App.1992). According to Black's Law Dictionary, "occur" means "To happen; to meet one's eye; to be found or met with; to present itself; to appear; hence, to befall in due course; to take place; to arise." Black's Law Dictionary 1080 (6th Ed.1990). The definitions in Webster's Dictionary are: "1: to be found or met with: appear 2: to come into existence: happen 3: to come to mind." Merriam Webster's Collegiate Dictionary 804 (10th ed.1993).

We conclude that the element "has been convicted of a felony" "occurs" at the time that the conviction is obtained because it "happens", "takes place", "comes into existence", and is "to be found" on that date. Thus, one element of this offense occurred prior to September 1, 1994, and the pre–1994 version of the statute governs this prosecution. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen. Laws 3586, 3705; Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964 (amended 1993).

■ Burleson moved the court to dismiss the indictment because it did not allege an offense. Tex.Code Crim. Proc. Ann. art. 27.08 (Vernon 1989); Studer v. State, 799 S.W.2d 263, 267–68 (Tex.Crim.App.1990). Because the old statute controls this prosecution, the State is required to allege and prove that his prior conviction involved violence or a threat of violence. Ware v. State, 749 S.W.2d 852, 853 (Tex.Crim.App.1988); Bates v. State, 571 S.W.2d 929, 930 (Tex.Crim.App. [Panel Op.] 1978); Waffer v. State, 460 S.W.2d 147, 149 (Tex.Crim.App.1970). The indictment does not contain such an allegation, and, therefore, is deficient. Tex.Code

CRIM. PROC. ANN. art. 27.08; *Studer,* 799 S.W.2d at 267–68. Thus, the court erred in overruling Burleson's motion to dismiss. *Miller v. State,* 909 S.W.2d 586, 591 (Tex. App.—Austin 1995, no pet.); *Whitsey v. State,* 853 S.W.2d 769, 772 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd). We sustain his first point of error.

Because we sustain Burleson's first point, we do not reach his second point. Accordingly, the judgment of the trial court is reversed and this cause is remanded for proceedings consistent with this opinion.