NUMBER 13-99-126-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


SEDRICK LASHAWN RICHIE
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 23rd District Court


of Wharton County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez, and Rodriguez


Opinion by Justice Rodriguez



 Pursuant to section 46.04 of the Texas Penal Code, appellant,
Sedrick Richie, was found guilty of possession of a firearm by a felon.(1) 
By two issues, appellant argues that section 46.04 is unconstitutionally
vague, and that its application violated his right to due process because
it was applied retroactively. We affirm.

 On March 18, 1994, appellant was convicted of aggravated
unlawful possession of a controlled substance. At the time of his
conviction, former Texas Penal Code section 46.05, possession of a
firearm by a felon, was in effect.(2) That section was later renumbered
as section 46.04 and amended, effective September 1, 1994.(3) On
March 21, 1996, appellant was released from confinement. Two years
later, appellant was stopped for traffic violations and a search of his
vehicle revealed a .9 millimeter semiautomatic handgun. On January
20, 1999, appellant was charged with possession of a firearm by a
felon. The jury found him guilty, and, on February 9, 1999, the court
assessed punishment at twenty-five years in prison.

 By his first issue, appellant urges that section 46.04 is
unconstitutionally vague because its prohibitions are not clearly defined,
and it does not give fair notice about what activity is prohibited. 

 Section 46.04 provides, in relevant part, that:

 (a) A person who has been convicted of a felony commits an
offense if he possesses a firearm:

 

 (1) after conviction and before the fifth
anniversary date of the person's release from
confinement following the conviction of the felony
or the person's release from supervision under
community supervision, parole, or mandatory
supervision, whichever is later. . . .

Tex. Pen. Code Ann. § 46.04 ( Vernon 1994).

 Appellant specifically complains of the phrase "who has been
convicted of a felony." He complains of the vagueness of the entire
phrase because it requires one to guess that the statute applies to every
felon, regardless of the date of the prior conviction.

 Although due process requires that a penal statute be void for
vagueness if its prohibitions are not clearly defined, see U.S. Const.
amend. V & amend. XIV; Kolender v. Lawson, 461 U.S. 352, 357-58
(1983), when an appellant attacks the constitutionality of a statute, it
is presumed that the statute is valid and that the legislature did not act
unreasonably or arbitrarily in enacting the statute. See Ex parte
Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978). The burden is
on the challenging appellant to prove that the statute is
unconstitutional. See id. Appellate courts must uphold the statute if it
can be reasonably construed to be constitutional. See Ely v. State, 582
S.W.2d 416, 419 (Tex. Crim. App. 1979).

 A vagueness challenge involves a two-pronged inquiry. See
Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972); Papachristou
v. City of Jacksonville, 405 U.S. 156, 162 (1972); Ex parte Anderson,
902 S.W.2d 695, 698 (Tex. App.--Austin 1995, pet. ref'd). First, the
court must determine whether the statute provides an ordinary law-abiding citizen with enough information to know whether his conduct
risks violating the statute. Id. A statute is not vague so long as its
terms are apparent to persons of common intelligence. See Cotton v.
State, 686 S.W.2d 140, 141 (Tex. Crim. App. 1985). The second part
of the fair warning test requires appellate courts to determine whether
the statute provides enough notice to law enforcement officers to
prevent arbitrary or discriminatory enforcement. See Papachristou, 405
U.S. at 162; Bynum v. State, 767 S.W.2d 769, 773 (Tex. Crim. App.
1989). Ex parte Anderson, 902 S.W.2d at 699. So long as a statute is
sufficiently definite to avoid the possibility of arbitrary and erratic arrests
and convictions, the statute is not unconstitutionally vague. See
Papachristou, 405 U.S. at 162. Further, a statutory provision need not
be mathematically precise; it need only give fair warning, in light of
common understanding and practices. See Grayned, 408 U.S. at 110;
Ex parte Anderson, 902 S.W.2d at 699. Finally, a statute is not
unconstitutionally vague merely because the words or terms used are
not defined. See Bynum, 767 S.W.2d at 774.

 Appellant's complaint regarding vagueness is based on two
appellate court opinions that interpreted the conviction element of the
statute differently. At the time of appellant's arrest, only the Waco Court
of Appeals had addressed whether the date of the prior conviction was
an element of the offense, and if so whether the date of the conviction
impacted on the applicability of the statute. See Burleson v. State, 935
S.W.2d 526, 528 (Tex. App.--Waco 1996, no pet.). In Burleson, the
Waco Court held that if any element of an offense under section 46.04,
including the prior conviction, occurred before the effective date of the
statute, the statute did not apply. See id. Under the Waco Court's
holding, because appellant's prior conviction occurred on March 18,
1994, before the effective date of the amended statute, appellant argues
section 46.04 would not apply and he could not have been charged and
convicted of the offense of firearm possession by a felon.

 However, before appellant was convicted of possession of a
firearm by a felon, the Texas Court of Criminal Appeals reviewed section
46.04 and handed down an opinion that differed from that of the Waco
Court of Appeals. See Mason v. State, 980 S.W.2d 635, 641 (Tex.
Crim. App. 1998). The court of criminal appeals concluded that the
person's status as a felon is indeed an element of the offense, but
without regard to the date of the prior conviction. Id. This result
effectively overruled Burleson. Following the holding in Mason, section
46.04 would apply to the facts of this case and appellant would have
been properly charged and subsequently convicted pursuant to section
46.04.

 Appellant does not provide this Court, however, with any authority
to support his contention that a statute is unconstitutionally vague
when two appellate courts interpret an element of a statute differently,
and we find none. See Tex. R. App. P. 38.1(h). Thus, we hold
appellant's vagueness argument as it relates to differing opinions in the
appellate courts is without merit.

 Furthermore, the court of criminal appeals has held that section
46.05, now section 46.04, "is not void for vagueness because it gives
'a person of ordinary intelligence fair notice that his contemplated
conduct is forbidden by the statute' and 'it does not encourage arbitrary
and erratic arrests and convictions.'" Runo v. State, 556 S.W.2d 808,
810 (Tex. Crim. App. 1977) (citing Papachristou, 405 U.S. at 162). 
Accordingly, we conclude that the words "who was convicted of a
felony," as used in section 46.04, have a meaning which may be
understood by a person of ordinary intelligence and give enough fair
notice that any felony offense may subject a felon to prosecution under
this statute, regardless of the date of conviction, to prevent arbitrary or
discriminatory enforcement. The statute provides enough information
for an ordinary law-abiding citizen to know whether his conduct risks
violating the statute. The statute can be reasonably construed to be
constitutional, and is not so vague or indefinite as to violate due process
of law. Appellant's first issue is overruled.

 By his second issue, appellant contends that the application of the
Mason ruling to his case violates the ex post facto provisions of the
United States Constitution. Appellant urges the ex post facto provisions
are violated because prior to the commission of his offense, section
46.04 had been judicially interpreted by the Waco Court of Appeals to
apply only to persons with felony convictions after the statute's
effective date, see Burleson, 935 S.W.2d at 528, and it was not until
four months after the date of appellant's offense that section 46.04 was
"reinterpreted" by the court of criminal appeals to apply to all persons
with felony convictions, without regard to the date of the conviction. 
See Mason, 980 S.W.2d at 641. Appellant argues that he could not
have reasonably foreseen the change in the interpretation of section
46.04.

 The ex post facto clause of article one, section ten, of the United
States Constitution is a limitation on the powers of the state legislatures
and not state courts. See Marks v. United States, 430 U.S. 188, 191-92
(1977). However, the principle--that persons have, at the time they
engage in conduct, a right to fair warning of what conduct will give rise
to which criminal penalties--on which the clause is based, is
fundamental to our concept of constitutional liberty, and is, thus,
protected against judicial action by the due process clause. Id. at 191-93. Accordingly, a state judicial decision may not operate retroactively
if it has the effect of depriving persons of fair warning of what conduct
will give rise to which criminal penalties. Id. 

 A law can violate the ex post facto clause in one of three ways: 
(1) by punishing as a crime an act previously committed which was
innocent when done, (2) by changing the punishment and inflicting a
greater punishment than the law attached to a crime when committed,
or (3) by depriving a defendant of any defense that was available at the
time of the offense. See Weaver v. Graham, 450 U.S. 24, 28 (1981);
Johnson v. State, 930 S.W.2d 589, 591 (Tex. Crim. App. 1996);
Rodriguez v. State, 779 S.W.2d 884, 885 (Tex. App.--Corpus Christi
1989), aff'd, 808 S.W.2d 496 (Tex. Crim. App. 1991). 

 Appellant distinguishes Burleson and Mason in an attempt to
support this argument. However, the distinctions are not relevant
because under both interpretations, we reach the same result.

 In Burleson, appellant draws our attention to the Waco court's
conclusion that if any element of an offense under section 46.04,
including the element "has been convicted of a felony," occurred before
the effective date of the statute, the statute does not apply. See
Burleson, 935 S.W.2d at 528. However, the Burleson court reversed
the trial court, not only because of the court's determination regarding
the date of the conviction, but also because the pre-1994 version of the
statute governed the prosecution. See id. Because the old statute
controlled, the State was required to allege and prove defendant's prior
conviction involved violence or a threat of violence. See id. Because the
indictment did not contain such an allegation, the court concluded the
indictment was deficient, and held the trial court erred in overruling
Burleson's motion to dismiss. See id. at 528-29. 

 Were we to apply Burleson, which is persuasive but not
mandatory authority for appellant's argument, we would still conclude
appellant was a convicted felon at the time of his possession of the
firearm. His felony conviction occurred on March 18, 1994, six months
before section 46.04 became effective. The pre-1994 version of the
statute, however, still provided that a person convicted of a felony
commits an offense if he possesses a firearm. Therefore, even under
Burleson, we would have concluded appellant was a convicted felon
when he possessed the firearm.(4) Appellant is wrong in asserting that
he was prosecuted and convicted "for behavior that did not constitute
a criminal offense when it happened." Appellant's behavior was a
criminal offense when it occurred, even pursuant to the old statute.

 Accordingly, by applying Mason and concluding section 46.05 is
the appropriate statute, the ex post facto clause is not violated because
the act previously committed was not innocent when done, the
punishment was not greater or changed from the punishment attached
when the crime was committed, and appellant was not deprived of any
defense that was available at the time of the offense. See Weaver, 450
U.S. at 28; Johnson, 930 S.W.2d at 591; Rodriguez, 779 S.W.2d at
885.

 Further, even with the retroactive application of Mason, appellant
was not deprived of fair warning of what conduct would give rise to
which criminal penalties. See Marks, 430 U.S. at 191-92. We have
concluded section 46.04 is not vague. The plain language of the statute
provides that "a person who has been convicted of a felony commits an
offense if he possesses a firearm" before the fifth anniversary of his
release for the conviction of that felony. See Tex. Pen. Code Ann. § 46.04
(Vernon 1994). Additionally, in 1979, well before appellant was
charged with possession of a firearm, the court of criminal appeals
handed down an opinion emphasizing the statute's central purpose
which is to keep "felons from going about with firearms." See
Shepperd v. State, 586 S.W.2d 500, 503 (Tex. Crim. App. 1979).(5) The
court of criminal appeals stated that "it is not without support in reason
to conclude that a person whose crime was a . . . felony is an
undesirable person to possess firearms. . . ." Id. (citation omitted). 
Further, the court concluded that the statute was "a legitimate exercise
of the directive Article 1, Section 23, of the Texas Constitution that the
wearing of arms be regulated." Id. at 503-04. Finally, the court
reemphasized that "the Texas Constitution does not protect the
possession of firearms by a felon. The same is true of the United States
Constitution." Id. at 504 n.4. Accordingly, we conclude that appellant
had, at the time he engaged in the possession of a firearm, fair warning
that his conduct would give rise to a criminal penalty. 

 We agree with the following reasoning in Mason:

 There is no rational reason to distinguish, for purposes of
applicability of § 46.04, between felons whose prior
conviction occurred before September 1, 1994 and those
whose prior conviction went down after September 1, 1994. 
Viewing the date of the prior conviction as being an element
of § 46.04 would result in the absurd consequence of
omitting all felons who committed their prior felonies before
September 1, 1994 from the coverage of § 46.04. The
legislative history of § 1.18 of S.B. 1067 reveals it was
written to make application of the revisions of the Penal
Code prospective. . . . This should mean that all felons who
are found in possession of a firearm after September 1, 1994
would be subject to prosecution under § 46.04, regardless
of when they received their prior conviction. After all, the
commission of the offense and the formation of appellee's
criminal intent came together on the alleged date upon
which appellee, a felon, possessed the firearm, and not upon
the date in 1991 when appellee became a felon. . . .


Mason, 980 S.W.2d at 640. Appellant's second point of error is
overruled.

 The judgment of the trial court is AFFIRMED.


 NELDA V. RODRIGUEZ

 Justice


Do not publish
.

Tex. R. App. P. 47.3(b).


Opinion delivered and filed

this the 31st day of August, 2000.


1. Tex. Pen. Code Ann. § 46.04 (Vernon 1994).
2. Former section 46.05 of the Texas Penal Code set out that a
person convicted of a felony involving an act of violence or threatened
violence to a person or property commits an offense if he possesses a
firearm away from the premises where he lives. 
3. In 1993, the legislature amended this law, and former section
46.05 became section 46.04, effective September 1, 1994. Section
46.04 generally provides that a person convicted of a felony commits an
offense if he possesses a firearm within a certain period of time after his
conviction and release from imprisonment. See Act of May 24, 1973,
63rd Leg., R.S., ch. 399, § 1, 1973 Ex. Gen. Laws 883, 964 amended by
Act of May 29, 1993, 73rd Leg., ch., 900, § 1.01, 1993 Tex. Gen. Laws
3586, 3688.


 Both sections are substantively the same in their reference to
being convicted of a felony.
4. Appellant does not challenge the violent nature of the crime of
aggravated possession of a controlled substance, therefore, that issue
is not before us.
5. Shepperd was decided under the old statute, section 46.05,
which required the prior conviction be for a violent felony. Nonetheless,
the opinion is well reasoned and relevant to our analysis regarding the
question of whether appellant was deprived of fair warning of what
conduct would give rise to which criminal penalties.