NUMBER 13-06-475-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


EX PARTE: FIDEL FLORES ROJAS 
 

 


On appeal from the 24th District Court of Victoria County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez



 Appellant, Fidel Flores Rojas, pleaded guilty to unlawful possession of a firearm. (1) 
The trial court placed appellant on community supervision for ten years. Appellant then
filed an "Application for Writ of Habeas Corpus to Vacate Felony Conviction" with the trial
court. The trial court denied the writ and appellant now appeals from that denial. (2) We
affirm.

 In reviewing the trial court's decision to grant or deny habeas corpus relief, we view
the facts in the light most favorable to the to the trial court's ruling. (3) We will uphold the trial
court's ruling absent an abuse of discretion. (4) In conducting our review, we afford almost
total deference to the trial judge's determination of the historical facts that are supported
by the record, especially when the fact findings are based on an evaluation of credibility
and demeanor. (5) We afford the same amount of deference to the trial judge's application
of law to the facts, if the resolution of the ultimate questions turns on an evaluation of
credibility and demeanor. (6) If the resolution of the ultimate questions turns on an
application of legal standards, we review the determination de novo. (7)

 In his sole issue on appeal, appellant argues that the trial court erred in following the
law set out by the court of criminal appeals in State v. Mason, (8) rather than the law set out
by the Waco Court of Appeals in Burleson v. State. (9) Burleson concerned § 46.04(a) of the
penal code, which as of September 1, 1994, has stated the following:

 (a) A person who has been convicted of a felony commits an offense if he
possesses a firearm:


 (1) after conviction and before the fifth anniversary of the person's
release from confinement following conviction of the felony or the person's
release from supervision under community supervision, parole, or mandatory
supervision, whichever date is later; or


 (2) after the period described by Subdivision (1), at any location other
than the premises at which the person lives. (10)


 Prior to the enactment of the 1994 penal code, the offense of unlawful possession
of a firearm was located in penal code § 46.05 (rather than § 46.04), and it defined the
offense as follows, in pertinent part: "A person who has been convicted of a felony
involving an act of violence or threatened violence to a person or property commits an
offense if he possesses a firearm away from the premises where he lives." (11) Accordingly,
prior to September 1, 1994, the offense of unlawful possession of a firearm was only
applicable to individuals who had previously been convicted of a felony involving violence;
after September 1, the offense became applicable to individuals convicted of any felony.

 Under the reasoning employed in Burleson, if a defendant is charged today with
unlawful possession of a firearm, based on a felony conviction that occurred prior to
September 1, 1994, the pre-1994 version of the offense should govern his prosecution. (12) 
As a consequence, the State must prove that the defendant's felony conviction involved
violence or a threat of violence. If, however, one is charged with unlawful possession of
a firearm and his previous felony conviction occurred after September 1, 1994, the post-1994 version of the offense should govern his prosecution, and the State need not prove
that the conviction involved violence or a threat of violence. (13)

 In the instant case, the trial court convicted appellant of unlawful possession of a
firearm under the post-1994 version of the offense. (14) Appellant argues that this was error
because his conviction for this offense rested on a prior felony conviction that occurred
prior to September 1, 1994. Relying on Burleson, appellant thus asserts that the trial court
should have applied the pre-1994 version of the offense, which would have compelled the
State to show that his felony conviction involved violence or a threat of violence. Because
it is undisputed that appellant's felony conviction was for a non-violent offense, he requests
this Court to grant him relief.

 This Court is not bound by the holdings of its sister courts; it is, however, bound by
the holdings of the court of criminal appeals, which rejected the Burleson reasoning in
State v. Mason, stating:


 There is no rational reason to distinguish, for purposes of applicability
of § 46.04, between felons whose prior conviction occurred before
September 1, 1994 and those whose prior conviction went down after
September 1, 1994.

 

 . . . .

 

 We conclude the Legislature did not intend for the date of the prior
conviction to be considered an element of § 46.04. Instead, we conclude the
Legislature intended for only a defendant's status as a felon to be an
element of § 46.04. Therefore, appellee was subject to prosecution under
§ 46.04. (15)

 Appellant urges this Court to abandon the precedent set in Mason in light of the
United States Supreme Court's opinion in Immigration & Naturalization Service v. Enrico
St. Cyr, wherein the Supreme Court stated that a "statute may not be applied retroactively
. . . absent a clear indication from Congress that it intended such a result." (16) Assuming,
arguendo, that Cyr is applicable to a discussion of § 46.04, we observe that the Mason
court determined that it was the Legislature's clear intent to have "all felons covered by §
46.04, not only those felons who were convicted after September 1, 1994." (17)

 We decline to stray from Mason's holding; furthermore, we find that the trial court
correctly applied the law and thus did not commit an abuse of discretion. Accordingly, we
affirm the trial court's order denying appellant relief on his application for writ of habeas
corpus.



 
 LINDA REYNA YAÑEZ,

 Justice







Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this the 29th day of July, 2008.
1. See Tex. Penal Code. Ann. § 46.04(a)(2) (Vernon Supp. 2007).
2. See Tex. Code Crim. Proc. Ann. art. 11.072 §§ 1, 8 (Vernon 2005).
3. Ex parte Masonheimer, 220 S.W.3d 494, 507 (Tex. Crim. App. 2007).
4. Id.
5. Id.
6. Id.
7. Id.
8. 980 S.W.2d 635 (Tex. Crim. App. 1998).
9. 935 S.W.2d 526 (Tex. App.-Waco 1996, no pet.).
10. Tex. Penal Code Ann. § 46.04(a).
11. Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964, amended by
Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3688 (emphasis added).
12. Burleson, 935 S.W.2d at 528-29.
13. Id.
14. See Tex. Penal Code Ann. 46.04(a).
15. 980 S.W.2d at 640-41.
16. 533 U.S. 289, 316 (2001).
17. Mason, 980 S.W.2d at 639-40.