

**NUMBER 13-14-00280-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**ROBERTO MENDOZA TREVINO,**                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                **Appellee.**

---

**On appeal from the 275th District Court
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes
Memorandum Opinion by Justice Garza**

Appellant, Roberto Mendoza Trevino, was convicted by a jury of unlawful possession of a firearm by a felon, a third-degree felony. *See* TEX. PENAL CODE ANN. § 46.04(a) (West, Westlaw through 2013 3d C.S.). After finding two enhancement paragraphs true, the trial court sentenced him to thirty-five years' imprisonment. *See id.* § 12.42(d) (West, Westlaw through 2013 3d C.S.). Trevino argues on appeal that: (1)

the evidence was insufficient to support his conviction; (2) the trial court erred in refusing to instruct the jury on the defense of necessity; (3) the trial court erred by instructing the jury on an "alternate manner and means" of committing the offense which was not alleged in the indictment; (4) the evidence was insufficient to support enhancement; and (5) the statute under which he was convicted is unconstitutional. Because we find insufficient evidence to support the conviction, we reverse and render judgment of acquittal.

## I. BACKGROUND

The penal code states that a person who has been convicted of a felony commits an offense if he possesses a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later . . . ." *Id.* § 46.04(a)(1). In this case, a Hidalgo County grand jury returned an indictment alleging that Trevino,

> on or about the 9th day of August A.D., 2013, and before the presentment of this indictment, in Hidalgo County, Texas, did then and there, having been convicted of the·felony offense of Aggravated Robbery on the 15th day of May, 2000, in cause number CR-1937-91-E . . . in the 215th Judicial District Court of Hidalgo County, Texas, intentionally or knowingly possess a firearm before the fifth anniversary of the defendant's release from supervision under parole following conviction of said felony[.[1]]

Trevino later stipulated at trial that on May 15, 2000, he was convicted of a felony, sentenced to thirteen years' imprisonment, and given credit for 308 days served in jail. He was released on July 11, 2012 after serving the full sentence.

After the parties rested, the trial court charged the jury in accordance with the

---

[1] In the same indictment, Trevino was also charged with three counts of aggravated robbery allegedly occurring on or about July 31, 2013. *See* TEX. PENAL CODE ANN. §§ 29.03(a)(2) (West, Westlaw through 2013 3d C.S.). Those counts were severed from the unlawful possession of a firearm count and are not at issue in this appeal.

2

indictment.[2]  The jury convicted Trevino and this appeal followed.

## II. DISCUSSION

Trevino contends by his first issue that the evidence was insufficient to support his conviction because there was no evidence that he ever was on "supervision under parole."  Instead, he argues that he "conclusively proved" that he served his full thirteen-year prison sentence.  In response, the State contends "that there was adduced no testimony before the jury in guilt/innocence establishing with certainty whether [Trevino]'s release from prison was [upon] completion of sentence or rather onto a period of parole however brief."  It argues, further, that any variance between the allegations in the indictment and the proof is immaterial, and, therefore, the conviction must stand even if there is no evidence that Trevino had been released from parole.

### A.    Standard of Review and Applicable Law

In reviewing the sufficiency of evidence supporting a conviction, we consider the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *see Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  We give deference to "the responsibility of the trier of fact to fairly

---

[2] In the charge, the jury was instructed as follows:

Our law provides that a person who has been convicted of a felony commits an offense if the person possesses a firearm before the 5th anniversary of the person's release from the confinement following conviction of the felony, or the person's release from supervision under Community Supervision, parole, or mandatory supervision, whichever date is later.

However, the application paragraph of the charge permitted the jury to convict only if it found that Trevino "intentionally or knowingly possessed a firearm before the fifth anniversary of the Defendant's release from supervision under parole following the conviction of said felony . . . ."

3

resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19). When the record of historical facts supports conflicting inferences, we must presume that the trier of fact resolved any such conflicts in favor of the prosecution, and we must defer to that resolution. *Padilla v. State,* 326 S.W.3d 195, 200 (Tex. Crim. App. 2010).

Due process requires that the State prove, beyond a reasonable doubt, every element of the crime charged. *Cada v. State*, 334 S.W.3d 766, 772-73 (Tex. Crim. App. 2011). We measure sufficiency by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.*

This case turns on our determination of what a hypothetically correct jury charge would be under these circumstances. Although a hypothetically correct jury charge is one that is "authorized" by the indictment, such a charge does not necessarily contain *all* of the allegations made in the indictment. *See id.* Instead, when the wording of an indictment varies from the evidence presented at trial, that variance is fatal to the conviction "only if it is material and prejudices the defendant's substantial rights." *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) (citations and quotations omitted); *see Thomas v. State*, 444 S.W.3d 4, 9 (Tex. Crim. App. 2014); *Geick v. State*, 349 S.W.3d 542, 545 (Tex. Crim. App. 2011) ("[W]hen an indictment needlessly pleads an allegation

4

that gives rise to an immaterial variance, that allegation will not be included in the hypothetically correct jury charge.").

When reviewing whether a variance is material, we ordinarily "determine whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime." *Gollihar*, 46 S.W.3d at 257. But "[t]he Texas 'immaterial variance' law as set out in *Gollihar* does not apply to the specific statutory elements alleged in the indictment." *Cada*, 334 S.W.3d at 774. In other words, when the State fails to prove "a statutorily-enumerated element pled in the indictment," the variance between the indictment and the proof "is *always* material." *Fuller v. State*, 73 S.W.3d 250, 256 (Tex. Crim. App. 2002) (Keller, P.J., concurring).

## B.    Analysis

We first address whether there is a variance between the allegation made in the indictment—i.e., that Trevino possessed a firearm within five years of being released "from supervision under parole"—and the proof adduced at trial.[3] As noted, the State argues that there was no testimony "establishing with certainty whether [Trevino]'s release from prison was [upon] completion of sentence or rather onto a period of parole." It further argues that, even if there was no "direct evidence presented to the jury

---

[3] In its appellee's brief, the State recites that it "concedes that there does in fact exist a 'variance' between pleading and proof in that, while the evidence clearly established that [Trevino] committed the offense of Unlawful Possession, it was not committed precisely as alleged in the Indictment." Nevertheless, as noted herein, the State suggests elsewhere in its brief that the jury could have inferred, based on circumstantial evidence, that Trevino had been "released from supervision under parole." Accordingly, we address the merits of the issue.

establishing that [Trevino] was released to parole as alleged, it was within the province of the jury to determine if circumstantial evidence justified such a conclusion."

We disagree. The uncontroverted evidence showed that Trevino was sentenced to thirteen years' imprisonment on May 15, 2000; that he was given credit for 308 days served in jail; and that he was released on July 11, 2012, which is exactly 308 days prior to May 15, 2013. Moreover, the following colloquy occurred during the State's direct examination of police officer Hilario Moya Jr.:

Q. [Prosecutor]    Mr. Moya, if we have a Defendant who was sentenced on May the 15th 2000 to 13 years confinement, assuming he had absolutely no credit, when would he be released from prison?

A.    May 2013.

Q.    What day, sir?

A.    The 15th.

Q.    Okay. And in this case, the Defendant had 308 days credit. And I have calculated that his date of release then would be July 11th 2012 if he had those days credit and then he served the rest of his term of confinement. Okay. And through the course of your investigation, what was his date of release from prison?

[Defense counsel]: Objection, Your Honor, hearsay.

[Prosecutor]:    Judge, it's part of proving up the case. I mean, it is what he gathered from the investigation. That's how we're able to charge him with this offense.

THE COURT:    Okay. But you'll rephrase your question?

[Prosecutor]:    Judge, I believe I phrased it properly: Through the course of his investigation.

THE COURT:    I didn't hear you ask that. Okay. Well, if it was asked in that manner, then overruled.

[Prosecutor]:    Thank you.

6

Q. [Prosecutor]: During the course, sir, of your investigation, what was the date of release that you determined for this Defendant?

A. July 11th 2012.

Q. Okay. So that would be the date we're working with, either July the 1st 2001, or the date of parole?

A. Yes.

Q. Okay. But in this case, July 11th 2012, because his date of parole then—it actually was day for day. So he was not paroled. Parole would not apply. It would be the date of the release?

A. Right.

Referring to this testimony, the State argues on appeal:

Although the prosecutor recited, in her formulation of a particular question, that by her calculations based on jail credit accrued by rendition of the prior judgment of conviction it appeared Appellant was confined for the entirety of his term of sentence rather than released to parole, Appellant successfully objected to this line of inquiry; moreover, it is axiomatic that questions are not evidence.

As reflected by the above excerpt, however, the trial court actually overruled defense counsel's objection to the question and the witness later answered it without further objection. This testimony was not contradicted, and there was no other evidence, either direct or circumstantial, which would allow a rational juror to conclude beyond a reasonable doubt that Trevino was released from supervision under parole.[4] Accordingly, the evidence was insufficient to establish the truth of that allegation. *See Hacker*, 389 S.W.3d at 865. The evidence instead established that Trevino had been released from confinement.

---

[4] "Parole" means "the discretionary and conditional release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence under the supervision of the pardon and paroles division." *Ex parte Smith*, 296 S.W.3d 78, 80 n.3 (Tex. Crim. App. 2009) (quoting TEX. GOV'T CODE ANN. § 508.001(6) (West, Westlaw through 2013 3d C.S.)).

7

Having concluded that there is a variance between the allegation made in the indictment and the proof adduced at trial, we must next determine whether the variance is "material" such that reversal is required. *See Gollihar*, 46 S.W.3d at 257. The State argues on appeal that the variance is not material because "it is the fact of release, be it from confinement, parole or probation, that is the substantive element that must be proven, rather than the *type* of release." The State contends that the "nature of discharge" is not an element of the offense, citing *Burleson v. State,* 935 S.W.2d 526 at 528 (Tex. App.—Waco 1996) ("[W]e conclude that the elements for an offense under section 46.04(a)(1) are: (1) a person; (2) intentionally, knowingly, or recklessly; (3) possessed a firearm; (4) after he has been convicted of a felony; (5) before the fifth anniversary of the person's release from confinement or supervision."), *overruled on other grounds by State v. Mason*, 980 S.W.2d 635, 637 (Tex. Crim. App. 1998), and *Martinez v. State*, 986 S.W.2d 779, 780 (Tex. App.—Dallas 1999, no pet.) ("To prove unlawful possession of a firearm by a felon, the State must show that the person: 1) has been convicted of a felony offense; and 2) possesses a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later."). On the other hand, Trevino contends that the variance is material because it deals with "specific statutory elements." *See Cada*, 334 S.W.3d at 774; *Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014) ("When the State pleads a specific element of a penal offense that has statutory alternatives for that element, the sufficiency of the evidence will be measured by the element that was actually pleaded, and not any alternative statutory elements.").

8

We agree with Trevino. Because the "nature of release" is one of the elements of the offense listed in the statute, the State was required to prove that element as alleged, and the variance is *per se* material. *See Fuller*, 73 S.W.3d at 256 (Keller, P.J., concurring). The *Burleson* and *Martinez* cases cited by the State do not show that the nature of release is not an element of the offense—in fact, contrary to the State's assertion but fully consistent with the statute, those cases provide that the nature of release is one of the elements that must be proved by the State in order to convict. *See Martinez*, 986 S.W.2d at 780 (holding that the State must prove that the appellant felon possessed a firearm "after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later"); *Burleson,* 935 S.W.2d at 528 (holding that the elements of the offense include that appellant felon possessed a firearm "before the fifth anniversary of the person's release from confinement or supervision"); *see also Ex parte Smith*, 296 S.W.3d 78, 80 (Tex. Crim. App. 2009) (noting that, "[o]n its face, the statute seems to make it an offense for a 'person who has been convicted of a felony' to possess a firearm 'after conviction' and 'before the fifth anniversary' of either of two events: (A) 'the person's release from confinement following conviction of the felony,['] or (B) 'the person's release from supervision under community supervision, parole, or mandatory supervision'").

The Texas Court of Criminal Appeals's opinion in *Cada* is instructive. *See* 334 S.W.3d at 774. There, the Court held that a variance between the indictment and the proof was material, requiring an acquittal, in a prosecution for retaliation under penal code section 36.06. *Id.* Section 36.06 provides in pertinent part that a person commits

9

retaliation by (1) harming or threatening to harm another (2) in retaliation for or on account of (3) the other person's service or status as a "public servant, witness, prospective witness, or informant" or as a "person who has reported or who the actor knows intends to report the occurrence of a crime." *Id.* (citing TEX. PENAL CODE ANN. § 36.06(a)(1) (West, Westlaw through 2013 3d C.S.)). In that case, the indictment alleged that Cada threatened to harm Arthur Finch "in retaliation for or on account of the service of the said Arthur Finch as a witness." *Id.* at 768. However, there was no evidence at trial establishing that Finch provided any service as a "witness"; instead, the evidence showed that Finch was merely an informant. *Id.* at 774–75. The Amarillo court of appeals held that "this was an immaterial mistake or variance" because (1) the evidence was sufficient to show that Finch was a "prospective witness" and (2) the appellant "never contended that the variance at issue resulted in an inability to adequately mount a defense." *Id.* at 775. The court of criminal appeals disagreed. First, it found no evidence that the appellant retaliated against Finch because of his status as a "prospective witness." *Id.* Second, it noted:

> even though there may be some overlap and considerable commonality between the various statutory categories of protected persons under the retaliation statute, they are distinct and separate statutory elements of the offense. Under *Jackson*, the State must prove the statutory elements that it has chosen to allege, not some other alternative statutory elements that it did not allege. The variance construct of *Gollihar* and *Fuller* simply does not override the constitutional due-process requirement that the State prove, beyond a reasonable doubt, every statutory element of the offense that it has alleged.

*Id.* The Court also observed:

> Instead of pleading the correct element of "informant," or pleading several of the statutory alternatives ("witness, prospective witness, or informant" or "person who has reported or who the actor knows intends to report the occurrence of a crime") and then including only those for which there was

10

some evidence given to the jury for its consideration, the State alleged a single element for which there was no evidence.

*Id.* at 775.

The instant case is analogous. Instead of alleging in the indictment that Trevino possessed a firearm within five years of his release from confinement—or that he possessed a firearm within five years of *either* his release from confinement *or* his release from supervision under parole, whichever is later, *see* TEX. PENAL CODE ANN. § 46.04(a)(1)—the State alleged only that he possessed a firearm within five years of his "release from supervision under parole." As in *Cada*, the indictment alleged one particular element among several options listed in the statute; but a different, alternative statutory element was proven at trial.[5] This was impermissible—notwithstanding the fact that, as in *Cada*, there is no contention made that the variance between the indictment and the proof rendered Trevino unable to prepare a defense. *See Cada*, 334 S.W.3d at 776.[6]

The State contends that "[t]he clear objective of this statute is to preclude felons from possessing a firearm at any location within five years of discharge, whether that discharge be from a term of imprisonment, from parole following release from prison, or from a term of community supervision . . . ." But in enacting section 46.04, the Legislature

---

[5] Further, as in *Cada*, the different options are listed in the disjunctive in a single subsection of the statute. *See* TEX. PENAL CODE ANN. §§ 36.06(a)(1), 46.04(a)(1) (West, Westlaw through 2013 3d C.S.). The mere fact that the statute does not enumerate each option separately in its own subsection does not mean that the State may allege one option but prove another. *See Cada v. State*, 334 S.W.3d 766, 775–76 (Tex. Crim. App. 2011).

[6] In *Cada*, there was insufficient evidence to show that Finch acted as a "witness" or "prospective witness," but there was sufficient evidence to show that he acted as an "informant." *Id.* at 775–76. Even though the statute allowed conviction for retaliating against an "informant," and even though the evidence at trial supported such a finding, the conviction could not stand because the indictment did not allege that Cada retaliated against an "informant." *Id.* Similarly, here, the applicable statute would allow Trevino to be convicted for possessing a firearm within five years of his release from confinement, *see* TEX. PENAL CODE ANN. § 46.04(a)(1), and the evidence was clearly sufficient to establish that allegation. But that is not the allegation made in the indictment.

did not make it a crime for a felon to possess a firearm within five years of the felon's release from *any* type of custody or supervision. Instead, it provided that a felon may not possess a firearm within five years of certain particular, identifiable events—i.e., the felon's "release from confinement following conviction of the felony" or the felon's "release from supervision under community supervision, parole, or mandatory supervision," whichever date is later. TEX. PENAL CODE ANN. § 46.04(a)(1). To validly indict a person for this offense, the State must allege that at least one of those identifiable events occurred and that the felon possessed a firearm within five years of the latest such event. *See id.* The State, having chosen to allege in the indictment that only one of the events occurred, had the burden to prove that particular event at trial. *See Cada*, 334 S.W.3d at 776 ("Under *Jackson*, the State must prove the statutory elements that it has chosen to allege, not some other alternative statutory elements that it did not allege.").

We conclude that a hypothetically correct jury charge in this case would be identical to the actual charge submitted to the jury—it would instruct the jury to convict only if it found, as alleged in the indictment, that Trevino possessed a firearm within five years of his "release from supervision under parole." Because there was no evidence to support this allegation, the evidence was insufficient to support the conviction. *See Hacker*, 389 S.W.3d at 865. Trevino's first issue is therefore sustained. Having found insufficient evidence to support the conviction, we need not address Trevino's remaining issues. *See* TEX. R. APP. P. 47.1.

12

### III. Conclusion

We reverse the trial court's judgment and render judgment of acquittal.  *See Cada*, 334 S.W.3d at 776.

DORI CONTRERAS GARZA,
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
7th day of May, 2015.